1  RICHARD LLOYD SHERMAN, ESQ. (STATE BAR NO. 106597)
   ABHAY KHOSLA, ESQ. (STATE BAR NO. 223555)
2  **SHERMAN LAW GROUP**
   9454 Wilshire Boulevard, Suite 850
3  Beverly Hills, California 90212-2911
   Telephone: (310) 246-0321
4  Facsimile:  (310) 246-0305

5

   Attorneys for Defendant CODEMET NICARAGUA
6  SOCIEDAD ANONIMA, S.A.

7
                    **UNITED STATES DISTRICT COURT**
8
                    **CENTRAL DISTRICT OF CALIFORNIA**
9

10 JAIRO SEQUEIRA, a citizen of the        | CASE NO. CV13-04332 DMG (FFMx)
   United States of America,
11                                          | [SPECIAL APPEARANCE]

12              Plaintiff,                   | **DEFENDANT CODEMET
                                            | NICARAGUA SOCIEDADA
13        v.                                | ANONIMA, S.A.'s MEMORANDUM
                                            | OF LAW IN SUPPORT OF ITS
14 THE REPUBLIC OF NICARAGUA, a            | MOTION TO DISMISS PLAINTIFF'S
   foreign Country, CITY OF                | COMPLAINT; DECLARATIONS OF
15 CHINANDEGA, a political subdivision of  | RICHARD LLOYD SHERMAN,
   the foreign country of the Republic of  | WALTER REYES VERA and
16 Nicaragua, CITY OF EL VIEJO, a          | FERNANDO IDROVO IN SUPPORT.**
   political subdivision of the foreign state
17 of the Republic of Nicaragua,
   CODEMET NICARAGUA SOCIEDADA           | Date:      August 9, 2013
18 ANONIMA, S.A. DBA CODEMET             | Time:      9:30 a.m.
   INTERNATIONAL, INC., a business        | Judge:     Hon. Dolly M. Gee
19 entity engaged in business in the United | Ctrm.:     "7"
   States, CONCENTRADOS SUPERIORES
20 S.A., a business entity, AMINTA ELENA
   GRANERA SACASA, an individual,
21 Director of the National Police
   Department of the Republic of
22 Nicaragua, MANUEL ZAMBRANA, an
   individual, Chief of Managua's Police
23 Department VI District, SANTIAGO
   CRUZ, an individual, Commissioner of
24 Managua's Police Department VI,
   FRANCISCO AGUILERA FERRUFINO, an
25 individual, Cfief of Police of
   Chinandega, ALI BOANERGE ESPINOZA
26 JUAREZ, an individual, Chief of Police
   Department of the City of El Viejo
27
                Defendants.
28

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................. 1

II. STATEMENT OF FACTS .................................................... 1

III. ARGUMENT ..................................................................... 3

    A.    THE COMPLAINT HAS NO AVERMENTS RELATING TO ANY CONTACTS BETWEEN DEFENDANT AND CALIFORNIA. ........................................... 3

    B.    DEFENDANT IS NOT SUBJECT TO GENERAL JURISDICTION. ...................................................... 5

    C.    DEFENDANT IS NOT SUBJECT TO SPECIFIC JURISDICTION. ...................................................... 5

    D.    SERVICE OF PROCESS WAS IMPROPER. .............................. 8

IV. CONCLUSION .................................................................. 9

# TABLE OF AUTHORITIES

- **CASES**

*Aetna Business Credit v. Universal Decor & Interior Design, Inc.,*
  635 F.2d 434 (5th Cir. 1981). .................................................. 9

*Aquila, Inc. v. Superior Court*
  148 Cal. App. 4th 556 (2007) ................................................. 4

*Ayres v. Jacobs & Crumplar, P.A.,*
  99 F.3d 565 (3d. Cir. 1996). .................................................. 9

*Brand v. Menlove Dodge,*
  796 F.2d 1070 (9th Cir. 1986) ............................................ 6-7

*Burger King Corp. v. Rudzewicz,*
  471 US 462 (1985) ............................................................... 5

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
  131 S. Ct. 2846, 2851 (2011) ............................................... 5

*International Shoe Co. v. Washington,*
  326 U.S. 310 (1945) ............................................................. 4

*Montalbano v. Easco Hand Tools, Inc.,*
  766 F.2d 737 (2d. Cir. 1985) ............................................... 9

*Pac. Atl. Trading Co., Inc. v. M/V Main Exp.,*
  758 F.2d 1325 (9th Cir. 1985) .......................................... 7-8

*Rocke v. Canadian Auto Sport Club,*
  660 F.2d 395 (9th Cir. 1981) ............................................... 8

*Schwarzenegger v. Fred Martin Motor Co.,*
  374 F.3d 797 (9th Cir. 2004) ....................................... 3, 5-6

- **STATUTES**

*California Code of Civil Procedure*

§416.10 ................................................................ 8-9

*Federal Rules of Civil Procedure*

Rule 4 ................................................................ 9

Rule 12 ................................................................ 1


- **SECONDARY AUTHORITY**


*California Practice Guide: Federal Civil Procedure Before Trial* (The Rutter Group: 2012)

§3:102 ................................................................ 5

§3:116 ................................................................ 5

§5:212.1 ................................................................ 9

§5:348 ................................................................ 9

# I.

# **INTRODUCTION**

Defendant CODEMET NICARAGUA SOCIEDAD ANONIMA, S.A. (*"**Codemet**"* or

*"**Defendant**"*), pursuant to Federal Rules of Civil Procedure Rules 12(b)(2), 12(b)(4)

and 12(b)(5), hereby specially appears to file this Motion to Dismiss ("*Motion*"),

requesting this Court dismiss the 18-count Complaint filed by plaintiff JAIRO

SEQUEIRA ("*Plaintiff*" or "*Sequeria*"), and in support thereof, moves to dismiss

Plaintiff's eighteen-count amended complaint (the "*Complaint*").  Among other

deficiencies, the Complaint fails to establish any facts necessary to support this Court

exercising personal jurisdiction over the Defendant, and his Certificate of Service fails

to establish sufficient facts concerning service of process.  Plaintiff has not plead any

contact between Defendant and California, let alone the minimum contacts necessary

to confer jurisdiction pursuant to California's long-arm statutes.

# II.

# **STATEMENT OF FACTS**

Plaintiff's Complaint avers eighteen (18) claims for relief, the following thirteen

(13) of which he claims pertain to the Defendant:

- the 2nd Cause of Action for Conversion;
- the 3rd Cause of Action for Unjust Enrichment;
- the 8th Cause of Action for Assault & Battery;
- the 9th Cause of Action for False Imprisonment & False Arrest;
- the 10th Cause of Action for Trespass to Land;
- the 11th Cause of Action for Trespass to Chattels;
- the 12th Cause of Action for Intentional Interference with Prospective Business Advantage;
- the 13th Cause of Action for Negligent Interference with Prospective Business Advantage;

1    •      the 14th Cause of Action for Breach of Express, Written, Oral, and Implied-

2             in-Fact Contract;

3    •      the 15th Cause of Action for Breach of Implied Covenant of Good Faith and

4             Fair Dealing;

5    •      the 16th Cause of Action for Intentional Infliction of Emotional Distress;

6    •      the 17th Cause of Action for Negligent Infliction of Emotional Distress; and

7    •      the 18th Cause of Action for Injunctive Relief.

8          Each of these claims are similar in that they (a) raise only garden-variety state law

9    contract claims and/or torts, and (b) allege events which transpired exclusively in

10   Nicaragua, or concern property located exclusively in the country of Nicaragua.

11         Plaintiff's Complaint recites a litany of confusing and highly inflammatory facts,

12   the *gravamen* of which appear to be that he is averring that (*i*) the government of

13   Nicaragua took certain of Plaintiff's property (see, Complaint ¶38) without compensating

14   him therefor, and (*ii*) that he was attacked while in Nicaragua.  The relationship of the

15   Defendant to these facts is extremely unclear, but Plaintiff appears to aver that Defendant

16   (*i*) "conspired" with the other defendants in Nicaragua (including the government and

17   police officers of Nicaragua) to convert his personal property (all of which is located in

18   Nicaragua) (*Id.* ¶55), (*ii*) somehow was responsible for his assault, battery and false

19   imprisonment while Plaintiff resided in Nicaragua (though Defendant's involvement in

20   those claims for relief is unexplained within the four-corners of the Eighth and Ninth

21   Causes of Action itself)(*Id.* ¶¶96-101), (*iii*) refused to provide him access to a Multi-

22   Processing Plant he avers he owns, again located in Nicaragua (*Id.* ¶129), (*iv*) breached

23   a rental contract concerning the rental of warehouses located in Nicaragua (*Id.* ¶149), and

24   (*v*) filed civil and criminal charges in Nicaragua against Plaintiff which inflicted

25   emotional distress onto the Plaintiff. (*Id.* ¶¶194-201).

26   / / /

27   / / /

28   / / /

1    In other words, all of the averments concern alleged misconduct transpiring in
2    Nicaragua.  Plaintiff is entirely silent as to any relationship between Defendant and
3    California. He fails to aver any "minimum contacts" Defendant has with California, nor
4    does he aver any claim for relief against Defendant which raises any federal question. As
5    explained below, this is fatal to his claims in this case.

6    In addition to the foregoing, on or about June 21, 2013, Plaintiff filed a Certificate
7    of Service, in which a Gloria Guardado testifies that she served a copy of the Summons
8    & Complaint in the instant case upon *Mark E. Fried, Agent for Service of Process of*
9    *Defendant Codemet Nicaragua Sociedad Anonima, S.A. dba Codemet International, Inc.,*
10   *1110 Brickell, Ste. 310, Miami, Florida 33131."*

11   However, as reflected by the publically available records of the State of Florida
12   (See, Sherman Decl., Exh. A) and the Declaration of Fernando Idrovo attached hereto, the
13   Florida corporation entitled "Codemet International Corp." (the "***Florida corporation***")
14   was dissolved in October 2004 and has not conducted business thereafter.  The Florida
15   corporation was not a parent, subsidiary, affiliate or agent of Codemet, similarly had no
16   significant contacts with California during its operation, and significantly was not
17   authorized to accept service of process on behalf of Codemet.

### III.

### ARGUMENT

**A.    THE COMPLAINT HAS NO AVERMENTS RELATING TO ANY**
       **CONTACTS BETWEEN DEFENDANT AND CALIFORNIA.**

22   "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction,
23   the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." See,
24   *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir.
25   2004)("***Schwarzenegger***")(applying California's long-arm jurisdictional statute to
26   personal jurisdiction analysis).  However, California's long-arm statute only permits the
27   exercise of personal jurisdiction to the extent permitted by due process. *Id.*

28   Thus, the question of whether the Court has personal jusidiction over Defendant

1   depends upon whether Plaintiff has alleged sufficient "minimum contacts" between

2   Defendant and Plaintiff for purposes of jurisdiction.  For a court to exercise personal

3   jurisdiction over a nonresident defendant, that defendant must have at least "minimum

4   contacts" with the relevant forum such that the exercise of jurisdiction "does not offend

5   traditional notions of fair play and substantial justice." *International Shoe Co. v.*

6   *Washington,* 326 U.S. 310, 316 (1945). "Random, fortuitous, or attenuated" contacts do

7   not support an exercise of personal jurisdiction. *Aquila, Inc. v. Superior Court,* 148 Cal.

8   App. 4th 556, 568 (2007).

9          Plaintiff's Complaint begins with a section entitled "**Jurisdiction and Venue**."

10   (¶¶1-16) However, this section of the Complaint focuses on Plaintiff's claims against the

11   defendant Republic of Nicaragua, as well as the City of Chinandega and the municipality

12   of El Viejo (which are purportedly "political subdivisions of the foreign state of

13   Nicaragua"; see ¶2).

14          The only averment as to Defendant contained in this section is that Codemet "does

15   business in the United States and is incorporated in the State of Florida", and a conclusory

16   and confusing averment that Nicaragua has been a "beneficiary" of transactions made

17   "through" Codemet.  ¶13.  This section is otherwise silent and does not aver any

18   relationship between Defendant and California. Indeed, even the averment that Defendant

19   is incorporated in Florida is incorrect, as set forth above; the Florida corporation (which

20   was not a *dba* but a separate entity) is not related to Defendant and has been an inactive

21   corporation since 2004.[1] *See,* Declaration of Fernando Idrovo, attached hereto, par. 10;

22   Declaration of Richard Lloyd Sherman ("**Sherman Decl.**"), Exhibit A.

23          As set forth below, there is no question that Plaintiff has failed to meet his burden,

24   and that this Court lacks personal jurisdiction over the Defendant.  Defendant therefore

25   respectfully requests that the Complaint be dismissed with prejudice against them.

26   / / /

27

28   [1]   The earliest event averred in the Complaint appears to have taken place in about
      2007 (¶40), *i.e.* three years after the dissolution of the Florida corporation.

**B.    DEFENDANT IS NOT SUBJECT TO GENERAL JURISDICTION.**

A defendant who has "substantial, continuous, and systematic" contacts with a state can be brought into Court even if the cause of action is unrelated to those contacts. *See, California Practice Guide: Federal Civil Procedure Before Trial,* §3:102 (The Rutter Group: 2012)("*Practice Guide*"), citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011). This is described as "general jurisdiction." The Ninth Circuit test for general jurisdiction is as follows:

[T]he defendant must engage in "continuous and systematic general business contacts" that "approximate physical presence" in the forum state. This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world.

*Schwarzenegger*, 374 F.3d. at 801.

Here, the Complaint is silent as to any of the foregoing. Indeed, Defendant has had no substantial or continuous, systematic contacts with California that would even come close to meeting this standard. For example, Defendant does not have an office in California, does not conduct business in California, does not solicit business in California, and has no other direct acitivites into California that would be sufficient to warrant the exercise of general jurisdiction by this Court. *See,* Declaration of Walter Reyes Vera ("*Vera Decl.*"), attached hereto, par. 2-7.

**C.    DEFENDANT IS NOT SUBJECT TO SPECIFIC JURISDICTION.**

In the absence of general jurisdiction, a plaintiff must prove specific jurisdiction exists by demonstrating that a case arises out of certain forum-related activities. *Practice Guide,* §3:116. Specific jurisdiction exists if: (1) defendant has purposefully availed itself of privileges associated with conducting activities in the forum (e.g., it has "directed its activities towards residents of the forum state"); (2) the claim arises out of the defendant's activities within the forum, and (3) the exercise of jurisdction is reasonable. Id., citing *Burger King Corp. v. Rudzewicz*, 471 US 462, 477-478 (1985).

1   In applying this test, courts first look to see if a party has "*purposefully availed*"

2   itself of the privilege of conducting business in the forum state, and/or purposefully

3   directed conduct towards the forum state.  Even if plaintiff demonstrates that conduct has

4   been directed towards the forum state, the plaintiff must still demonstrate that it was this

5   specific conduct that gives rise to its claims.  *See, Schwarzenegger*, 374 F.3d. at 802.

6   Here, Plaintiff does not describe a single act or action that either took place in

7   California, or had an impact in California, let alone even any incidental contact by

8   Defendant with California in connection with any of his claims.  In fact, the opposite is

9   true: every averment of the Complaint exclusively concerns events transpiring in

10  Nicaragua. **The true facts are that Defendant has not conducted any business in**

11  **California for any purpose.**

12  Thus, the exercise of specific jurisdiction would be "unreasonable."  In evaluating

13  whether an exercise of jurisdiction is "reasonable," the Ninth Circuit applies a seven-

14  factor test:

15  1) the burden on defendant;

16  2) the existence of an alternate forum;

17  3) convenient and effect relief for the plaintiff;

18  4) the forum state's interest in adjudicating the suit;

19  5) efficient resolution of the controversy;

20  6) purposeful interjection; and

21  7) conflicts with sovereignty.

22  See, *Brand v. Menlove Dodge*, 796 F.2d 1070, 1075 (9th Cir. 1986).

23  Here, none of these factors militate in favor of the Plaintiff, and instead indicate

24  that an exercise of jurisdiction by this Court would be unreasonable:

25  • **Burden on Defendant**– The burden on Defendant would be significant as

26  (a) it has no connection with California, (b) based upon Plaintiff's own

27  Complaint, the other defendants all appear to reside in Nicaragua, (c) based

28  upon Plaintiff's own Complaint, the witnesses for events transpiring in

1  Nicaragua are likely in Nicaragua (and there is no averment that they reside
2  in California), (d) the property at issue is located in Nicaragua, (e)
3  Defendant's legal representatives reside in Ecuador, and (f) according to
4  Plaintiff, legal proceedings between the parties has already transpired within
5  Nicaragua. "The site where the events in question took place or where most
6  of the evidence is located usually will be the most efficient forum." *Id.,*
7  citing *Pac. Atl. Trading Co., Inc. v. M/V Main Exp.,* 758 F.2d 1325, 1331
8  (9th Cir. 1985). See, Vera Decl., paras. 2-7.

9  • **Existence of an Alternate Forum**: Plaintiff bears the burden or proving
10  that no alternate forum exists. Here, among other things, it is unclear why
11  the Republic of Nicaragua is not the most appropriate alternate forum.

12  • **Convenient and Effective Relief for Plaintiff**: It is questionable what
13  relief California courts can provide where the property at issue is located in
14  Nicaragua and none of the property or defendants are located within
15  California. As set forth above, Plaintiff again bears the burden of
16  establishing why effective relief would not be available in Nicaragua. *See,*
17  *Pac. Atl. Trading Co., Inc.,* supra, 758 F.2d at 1331 (in vacating judgment
18  against Malaysian defendants, 9th Circuit noted "there is no indication in the
19  records or briefs that effective relief would be unavailable in Malaysia" and
20  that "if Malaysian law should apply, a Malaysian forum might be the more
21  efficient resolution" ).

22  • **Forum State's Interest in Adjudicating the Suit**: The Complaint is silent
23  as to what possible interest California has in a property dispute taking place
24  in Nicaragua. *See, Id.* (9th Circuit held that California actually had an
25  interest in not allowing cases to proceed if a defendant did not have a
26  substantial interest in California: "state courts have expressed concern about
27  the adverse effect the assumption of jurisdiction might have on commerce
28  when the forum activities of the nonresident are not substantial").

- **Efficient Resolution of the Controversy**: For the reasons set forth above, this forum would plainly be highly inefficient and create a tremendous waste of judicial and party resources, where witnesses and the property at issue are all located in Nicaragua.

- **Purposeful Interjection**: Because Defendant is neither averred to have nor has any obligations or operations in California, nor pursuant to the declaration of Walter Reyes Vera does Defendant have employees, agents, officers, offices, or property in California, this factor does not support a finding of "reasonableness." The Complaint is silent as to any facts which would justify this factor.

- **Conflicts with Sovereignty**: Plaintiff apparently disputes that there is a conflict of sovereignty as to the government of Nicaragua. Without admitting or denying that contention, this factor is not relevant to the claims against Defendant. "When the nonresident defendant is from a foreign nation, rather than from another state in our federal system, the sovereignty barrier is higher, undermining the reasonableness of personal jurisdiction." Id., citing *Rocke v. Canadian Auto Sport Club*, 660 F.2d 395, 399 (9th Cir. 1981)("Because [Defendants] are unquestionably residents of Canada, we must observe that this factor tends also to undermine the reasonableness of personal jurisdiction in this case").

Thus, even if Plaintiff could somehow satisfy the other two prongs of a specific jurisdiction analysis (which he can not), he would still not be able to satisfy the third prong as it would be unreasonable for this Court to exercise jurisdiction over the Defendant based upon a dispute transpiring exclusively in the country of Nicaragua.

**D.   SERVICE OF PROCESS WAS IMPROPER.**

As set forth above, Defendant has never been served with process in the instant case. Plaintiff instead served an unrelated Florida entity that was dissolved nearly nine (9) years ago. Such service does not satisfy either the service requirements of *California*

1    *Code of Civil Procedure* §416.10 nor *Federal Rules of Civil Procedure Rule* 4(h)(1)(B).

2    Despite this failure to properly serve Defendant, Plaintiff nevertheless refused to grant

3    even a single day's extension in the time to respond to his Complaint, to Defendant's

4    considerable prejudice. "Plaintiff cannot obtain service by delivering process to someone

5    who he or she knows lacks the authority to receive service on the firm's behalf." *Practice*

6    *Guide*, §5:212.1, citing *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 567 (3d. Cir.

7    1996).

8      "When service of process is properly challenged, the party on whose behalf service

9    was made (plaintiff) has the burden to establish its validity." *Id.* at §5:348, *citing Aetna*

10    *Business Credit v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir.

11    1981). "If a ... Rule 12(b)(5) motion is granted, the court may either dismiss the action

12    or retain the action and quash the service." *Montalbano v. Easco Hand Tools, Inc.*, 766

13    F.2d 737, 740 (2d. Cir. 1985).

14      To the extent the Court is inclined to retain the action and quash the service,

15    Defendant respectfully requests leave of the Court to file a second motion to dismiss,

16    given the inherent delays caused by the improper service and Plaintiff's bad-faith refusal

17    to extend the time in which Defendant could answer.

18                         **IV.**

19                 **CONCLUSION**

20      Based upon the foregoing, Defendant respectfully requests that Plaintiff's

21    Complaint be dismissed with prejudice based upon the lack of personal jurisdiction and

22    lack of service of process.

23

24    Dated: July 10, 2013            **SHERMAN LAW GROUP**

25

26                    By: *Richard Lloyd*

27                    RICHARD LLOYD SHERMAN, ESQ.

                     Attorneys for Defendant CODEMET NICARAGUA

28                      SOCIEDAD ANONIMA, S.A.

## DECLARATION OF RICHARD LLOYD SHERMAN, ESQ.

I, Richard Lloyd Sherman, Esq., hereby declare and state as follows:

1. I am the sole shareholder of Sherman Law Group, counsel for defendant Codemet Nicaragua Sociedad Anonima, S.A. ("***Codemet***"). I make this declaration in support of the Motion to Dismiss (the "***Motion***").  The matters stated herein are within my personal knowledge and I can therefore testify competently to these matters.

2. On or about July 9, 2013, I went to the Florida Department of State, Divisions of Corporations website located at <sunbiz.org> and used that website to search Florida's corporation database for "Codemet International."  The only result exactly matching that name was "Codemet International Corp.", which was listed as Inactive due to "Admin. Dissolution" as of October 1, 2004.  A true and correct copy of my search results are attached hereto as **EXHIBIT A.**

3.  On July 8, 2013, I contacted the plaintiff Jairo Sequeira ("***Plaintiff***"), who is *in pro per*, via telephone concerning Defendant's intention to file the instant Motion.  I was hired in the late morning of that same day (July 8th) and couldn't give notice to the Plaintiff any sooner.

DECLARATION                                1

4. I informed Plaintiff that I was just retained as Codemet's counsel hours earlier and I asked Plaintiff for a short extension to respond to the Complaint. Plaintiff refused stating that he would not agree to any extension; he even refused to even give me one additional day to respond to the Complaint.

5. I informed Plaintiff of the deficiencies in the Complaint, the fact that there was no personal jurisdiction over Codemet and that I wished to bring the instant Motion.  I also informed him that the lack of personal jurisdiction over the Defendant and the failure to properly serve the Defendant would be the basis of the Motion.

6. Plaintiff stated that he was a lawyer in Nicaragua and that: (a) in his opinion jurisdiction was proper against Codemet; (b) defendant Codemet had "actual notice" so any deficiencies with service was of no legal consequence; and (c) he would not grant any extension of time to file the Motion unless Defendant agreed to discuss ADR resolution.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that this declaration was executed on July 10, 2013 at Beverly Hills, California.

Richard Lloyd Sherman, Esq.

DECLARATION                    2

# EXHIBIT A



## FLORIDA DEPARTMENT OF STATE
## DIVISION OF CORPORATIONS

# Detail by Entity Name

**Florida Profit Corporation**

CODEMET INTERNATIONAL CORP.

**Filing Information**

| | |
|---|---|
| **Document Number** | P98000102288 |
| **FEI/EIN Number** | 650905199 |
| **Date Filed** | 12/07/1998 |
| **State** | FL |
| **Status** | INACTIVE |
| **Last Event** | ADMIN DISSOLUTION FOR ANNUAL REPORT |
| **Event Date Filed** | 10/01/2004 |
| **Event Effective Date** | NONE |

**Principal Address**

6955 NW 52ND ST
102
MIAMI, FL 33166

Changed: 05/05/2003

**Mailing Address**

6955 NW 52ND ST
102
MIAMI, FL 33166

Changed: 05/05/2003

**Registered Agent Name & Address**

FRIED, MARK E
1110 BRICKELL AVENUE
SUITE 700
MIAMI, FL 33131

**Officer/Director Detail**

**Name & Address**

Title D

IDROVO, FERNANDO

18975 SW 256 STREET
MIAMI, FL 33031

## Annual Reports

| Report Year | Filed Date |
|---|---|
| 2001 | 09/18/2001 |
| 2002 | 03/07/2002 |
| 2003 | 05/05/2003 |

## Document Images

| | |
|---|---|
| 05/05/2003 -- ANNUAL REPORT | View image in PDF format |
| 03/07/2002 -- ANNUAL REPORT | View image in PDF format |
| 09/18/2001 -- ANNUAL REPORT | View image in PDF format |
| 01/25/2000 -- ANNUAL REPORT | View image in PDF format |
| 02/20/1999 -- ANNUAL REPORT | View image in PDF format |
| 12/07/1998 -- Domestic Profit | View image in PDF format |

Copyright © and Privacy Policies
State of Florida, Department of State

## DECLARATION OF WALTER REYES VERA

I, Walter Reyes Vera hereby declare and state as follows:

1.  I am the General Manager of CODEMET NICARAGUA SOCIEDAD ANONIMA ("**CODEMET NICARAGUA**"). I make this declaration in support of the Motion to Dismiss for Lack of Personal Jurisdiction (the "*Motion*"). The matters stated herein are within my personal knowledge and I can therefore testify competently to these matters.

2.  **CODEMET NICARAGUA** was formed and is organized under the laws of the Republic of Nicaragua as "sociedad anonima" - equivalent to a corporation. **CODEMET NICARAGUA**' s principal place of business in Chinandega, Nicaragua. It is engaged in business in Chinandega and El Viejo, Nicaragua of distribution of aquaculture inputs.

3.  **CODEMET NICARAGUA** is not incorporated in California and has not registered to qualify to do business in California or in any other state, territory or district of the United States of America. **CODEMET NICARAGUA** has no and has never had a subsidiary or affiliate incorporated or qualified to do business in California. **CODEMET NICARAGUA** has no branch office or comparable facilities in California, and has no telephone listings or mailing addresses in California.

DECLARATION                                        1

4. None of **CODEMET NICARAGUA**'s officers or directors resides in or is domiciled in California. **CODEMET NICARAGUA** has never had any employee who resides in or is domiciled in California. No meetings of **CODEMET NICARAGUA**'s board of directors or shareholders have been held in California, and none of its officers or directors has attended business conferences or similar functions within the state.

5. **CODEMET NICARAGUA** has not contracted with persons residing in California to act on its behalf with respect to marketing, distributing or servicing any of **CODEMET NICARAGUA**'s goods or products. **CODEMET NICARAGUA** does not direct any of its advertising specifically towards California residents, nor does it advertise in any publications that are directed primarily towards California residents.

6. **CODEMET NICARAGUA** has no bank accounts, or other tangible personal or real property in California.

7. It would place a burden upon **CODEMET NICARAGUA** to require it defend this case in California as, among other things, **CODEMET NICARAGUA** does business in Nicaragua. Its legal representatives reside in Guayaquil, Ecuador.

8. **CODEMET NICARAGUA** has not authorized by appointment Codemet International Corp., a dissolved Florida corporation, or its

DECLARATION                                    2

officer, director, a managing, general or registered agent, or any other

agent to receive service of process for **CODEMET NICARAGUA.**

I declare under penalty of perjury under the laws of the State of California

and the United States that the foregoing is true and correct, and that this

declaration was executed on the 9th day of July 2013, at Guayaquil, Ecuador.

_____

Walter Reyes Vera

DECLARATION                                             3

## DECLARATION OF FERNANDO IDROVO

I, Fernando Idrovo, hereby declare and state as follows:

1. I was the last director of CODEMET INTERNATIONAL CORP., Florida corporation ("**CODEMET INTERNATIONAL**"). I make this declaration in support of Codemet International's Motion to Dismiss for Lack of Personal Jurisdiction (the "**Motion**"). The matters stated herein are within my personal knowledge and I can therefore testify competently to these matters.

2. Codemet International was formed and organized in Florida on December 7, 1998, under the laws of the State of Florida. Codemet International was administratively dissolved by the Florida Department of State Division of Corporations on October 1, 2004.

3. After it was dissolved, Codemet International did not conduct any business.

4. Codemet International has never been registered to do business in California, and never sought to do business in California. Codemet International has never had a subsidiary or affiliate company incorporated or qualified to do business in California. Codemet International has never had a branch office or comparable facilities in California, and has no telephone listings or mailing addresses in

DECLARATION                                      1



California. Codemet International does not now or ever done business in California.

5. I was the only director and officer of Codemet International and I have never resided or been domiciled in California. Codemet International has never had any employees who resided or were domiciled in California. No meetings of Codemet International's board of directors or shareholders have been held in California, and none of its officers or directors has attended business conferences or similar functions within the state.

6. Codemet International has never contracted with persons residing in California to act on its behalf with respect to marketing, distributing or servicing any of its goods or products. Codemet International did not direct any of its advertising specifically towards California residents, nor did it advertise in any publications that are directed primarily towards California residents.

7. Codemet International has never had any bank accounts, or other tangible personal or real property in California.

8. Codemet International has never been a parent, subsidiary or agent of CODEMET NICARAGUA S.A. 

DECLARATION                    2

9.  Codemet International has never been a fictitious name of CODEMET NICARAGUA S.A.

10. Neither Codemet International nor an officer, a managing, general or registered agent, or any other agent of Codemet International has been authorized by appointment or by law to receive service of process for CODEMET NICARAGUA S.A.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that this declaration was executed on the 10th day of July 2013, at Guayaquil, Ecuador.

Fernando Idrovo

DECLARATION                                      3