| | |
|---|---|
| JAIRO SEQUEIRA<br>24610 Town Center Drive, #5103<br>Valencia, CA 91355<br>Tel. (818) 714-4676<br>Email: soyjairosequeira@gmail.com<br>Petitioner, In Pro Per | FILED 2013 JUL 15 PM 4:16<br>CLERK U.S. DISTRICT COURT<br>CENTRAL DIST. OF CALIF.<br>LOS ANGELES<br>BY: ___ |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO SEQUEIRA, A Citizen of the United States of America<br>  Plaintiff,<br>vs.<br>THE REPUBLIC OF NICARAGUA, a foreign Country, CITY OF CHINANDEGA, a political subdivision of the foreign Country of The Republic of Nicaragua, CITY OF EL VIEJO, a political subdivision of the foreign state of The Republic of Nicaragua, CODEMET NICARAGUA SOCIEDAD ANONIMA, S.A., d.b.a. CODEMET INTERNATIONAL, INC., a business entity engage in business in the United States, CONCENTRADOS SUPERIORES S.A., a business entity, AMINTA ELENA GRANERA SACASA, an individual, Director of the National Police Department of the Republic of Nicaragua, MANUEL ZAMBRANA, an individual, Chief of Managua's Police Department VI District, SANTIAGO CRUZ, an individual, Commissioner of Managua's Police Department VI District, FRANCISCO AGUILERA FERRUFINO, an individual, Chief of Police of Chinandega, ALI BOANERGE ESPINOZA JUAREZ, an individual, Chief of Police Department of the City of El Viejo.<br>Defendants_____ / | CASE NO:<br>CV13-04332 DMG (FFMx)<br><br>**PLAINTIFF JAIRO SEQUEIRA'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT CODEMET NICARAGUA SOCIEDAD ANONIMA S.A's MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JAIRO SEQUEIRA IN SUPPORT THEREOF.**<br><br>Pursuant to<br>[Initial Standing Order, ¶5]<br>[L.R. 7-3]<br>Date: August 9, 2013<br>Time: 9:30 a.m.<br>Judge: Hon. Dolly M. Gee<br>Ctrm: "7" |

-i-

Plaintiffs' Opposition to Defendant CODEMET Sociedad Anonima S.A's Motion to Dismiss Plaintiff's Complaint.
Memorandum of Points and Authorities and Declaration of Jairo Sequeira in Support thereof.

# TABLE OF CONTENTS

PAGE

I. **INTRODUCTION**..................................................................1

II. **STATEMENT OF FACTS**....................................................1

III. **ARGUMENT**.......................................................................1

A. DEFENDANT'S VIOLATED LOCAL RULE 7-3..................1

B. THIS COURT HAS PERSONAL AND SUBJECT MATTER JURISDICTION OVER DEFENDANT UNDER JUS COGENS DOCTRINE AND OTHER THEORIES IN ADDITION TO MINIMUM CONTACTS DOCTRINE.......................................................................1

C. DEFENDANT WAS PROPERLY SERVED AND HAD ACTUAL NOTICE OF THE SUMMONS AND COMPLAINT.....................................................................2

IV. CONCLUSION......................................................................2

-ii-

Plaintiffs' Opposition to Defendant CODEMET Sociedad Anonima S.A's Motion to Dismiss Plaintiff's Complaint. Memorandum of Points and Authorities and Declaration of Jairo Sequeira in Support thereof.

# TABLE OF AUTHORITIES

**CASES**

AIB Group (UK) Plc. v. Martin, 2001 U.K.H.L. 63……………………….....……13

Alcatel-Lucent USA, Inc. v. Dugdale Communications, Inc., CV09-2140PSGJCX, 2009 WL3345784 (C.D. Cal. Oct. 13, 2009)……………………………………..4

Argentine Republic v. Amerada Hess Shipping Corp.488 U.S. 428 (1989)……….10

Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984)……………………………14

Buckley v. Chadwick, 45 Cal.2d 183, 190, 288 P.2d 12 (1955)…...……..……….13

Caron v. Lynn Sand & Stone Co., 270 Mass. 340, 346, 170 N.E. 77 (1930)……...13

Davidson v. Enstar Corp., 848 F.2d 574, 577-78 (5th Cir.1988)……………...…..12

Development Corp. v. Weissenbach (2002) 99 Cal. App.4th 576, 591…..………..10

In re Automobile Antitrust Cases I & II (2005),135 Cal.App.4th 100, 110)…….11

John Doe I v. UNOCAL 395 F.3d ..932…………………………………...……….5

Live nation Worlwide, Inc., SACV 11-0427 DOC, 2012 WL 123146 (C.D. Cal. Jan 13, 2012)………………………………………………………………………..4

Nexon America, Inc., et al v. Game Anarchy, LLC, et. al. Case No. CV 12-020803- MWF (PL……………………………………………………………..…..4

Pavlovich v. Super. Ct. (2002) 29 Cal.4th 262, 268 ……………………….....5, 6,10

States v. Roberts, 1 F. Supp. 2d 601 (E.D. La.1998)………….……………..……5,9

Superbalife, Int'l v. Powerpay, CV08-5099, 2008 WL 4559752 (C.D. Cal. Oct. 7, 2008)………………………………………………………………………...…...4

United States v. Aluminum Co. of America,148 F.2d 416 (2nd Circuit 1945)….5,9

United States v. Matta-Ballesteros, 71 F.3d 754, 764 n. 5 (9th Cir.1995)…...…….8

United States v. United Pacific Ins. Co., 545 F.2d 1381, 1382-83 (4thCir.1976)..12

United States v. USX Corp., 68 F.3d 811, 826 n. 30 (3d Cir.1995)……………....12

United States v. Yunis 924 F. 2d 1086 (D.C. Cir. 1991)…………………………....9

Plaintiffs' Opposition to Defendant CODEMET Sociedad Anonima S.A's Motion to Dismiss Plaintiff's Complaint. Memorandum of Points and Authorities and Declaration of Jairo Sequeira in Support thereof.

**STATUTES**

28 U.S.C. §1331..................................................................................................2

28 U.S.C. §1331 .................................................................................................2

28 U.S.C. § 1350................................................................................................8

U.S.C. §1391 (b) (2); (c) (1); (c)(2); (f)(1); (f)(3)..............................................2

**Local Rule Civil Procedure**

    Rule 7-3,...................................................................................................3, 4, 5

**Federal Rule Civil Procedure**

    §12(3) and 11(b).........................................................................................3, 5

    31 § 500.329 (1998)......................................................................................11

Article 4, 5 (1)(c) of the Convention Against Torture, and other Cruel, Inhuman or Degrading Treatment or Punishment..............................................7

Article 5 Universal Declaration on Human Rights............................................7

Article 5 (1)(c) of the Convention Against Torture, and other Cruel, Inhuman or Degrading Treatment or Punishment.............................................................5

Article 7 CCPR...................................................................................................7

Convention on International Liability for Damage Caused by Space Objects, Mar. 29, 1972, 961 U.N.T.S. 187.....................................................................13

FSIA § 1603(a)(3), 1604, 1605........................................................................10

I.L.M. 1245, 1293.............................................................................................13

Laws and Regulations of the People's Republic of China 71 (1984)...............13

N.Y. Partnership Law § 24 (McKinney 2002).................................................13

Noyes and Smith, 13 Yale J. Int'l. Law 225, 249(1988)..................................13

Restatement Foreign Relations Law of the United States §§402 (1) (a) (c); 404 (b)................................................................................................................6, 9

United Nations Convention On the Law of the Sea, Art. 139, Oct. 21, 1982, 21 United Nations, resolution 39/46 (December 10, 1984) ....................................7

## I. INTRODUCTION

Defendant CODEMET SOCIEDAD ANONIMA, S.A. ("CODEMET") did not comply with the meet-and-confer requirement of Local Rule 7-3, Initial Standing Order 4(b), 4(d), and 5(a), Fed. R. Civ. P. 12(3) and 11(b) when it filed its Motion to Dismiss Plaintiff's Complaint; therefore its motion should be dismissed.

Defendant's rambling and repetitive argument in his noncompliant motion is that **"Defendant has not conducted any business in California for any purpose, and** that Plaintiff's Complaint exclusively concerns events transpiring in Nicaragua."

Defendant failed to address other theories and doctrines under which this Court has <u>subject matter</u> and <u>in personam</u> jurisdiction over Defendant CODEMET and focused only his attention only on the Minimum Contact Doctrine.

Defendant based his repetitive argument on hearsay and inadmissible evidence.

Because of Defendant CODEMET counsel's failure to meet and Confer with Plaintiff counsel comes to this court wondering "why effective relief would not be available in Nicaragua" Page 7 line 16. Plaintiff has already won his case against CODEMET and CONSA in Nicaragua in the judicial system of Nicaragua. The problem is that the Police of Nicaragua have failed repeatedly to enforce the orders of the Court of Nicaragua. Had counsel for CODEMET met and conferred with Plaintiff, Plaintiff would have explained to him the reasons why effective relief is not available in Nicaragua. Among some of the reasons are: Plaintiff cannot not return to the country which has violated international law and committed human rights violations and torture against him and his family, that Plaintiff is a citizen of the United States, that the Nicaraguan Supreme Court ruled that Plaintiff could bring this action to any jurisdiction that Plaintiff chooses, and that Plaintiff has already exhausted all his remedies in Nicaragua. In addition,

-1-
Plaintiffs' Opposition to Defendant CODEMET Sociedad Anonima S.A's Motion to Dismiss Plaintiff's Complaint.
Memorandum of Points and Authorities and Declaration of Jairo Sequeira in Support thereof.

1 | Several District Judges issued Writ of Attachments in favor of Mr. Sequeira
2 | against CODEMET and CONSA but those orders were not being executed by the
3 | police, (Complaint ¶32, 41 and its **Exhibit 44 (b), 48, 50**). Because the Nicaraguan
4 | Police failed to obey the Judges's order they are also being sued as joint
5 | tortfeasors by Mr. Sequeira here in this jurisdiction for the torts committed against
6 | him in violation of international laws.

   Defendant was properly served and had actual notice and constructive knowledge of the summons and complaint.

## II. STATEMENT OF FACTS

This is a civil action brought pursuant to 28 U.S.C. §1331 to redress the deprivation of rights, privileges and immunities secured to Plaintiff by the 28 U.S.C. §1331 in which all the defendants participated collectively.

Mr. Sequeira's claims fall within the international taking exceptions the Federal Sovereign Immunities Act's, ("FSIA") rule of Immunity.

Several of Mr. Sequeira's expropriation claims are directed toward the stream of revenue and benefits The Republic of Nicaragua is receiving through its operation of Mr. Sequeira's Multi-Processing Plant acting as a private party and through CODEMET working in concert with one another.

Each of the Sequeira's family is entitled to share the profits earned by Smith Company. The Bylaws require Smith Company to pay those dividends in the United States. Mr. Sequeira owns 50% of Smith Company's shares. (**Exhibit 13** attached to Complaint). Mr. Sequeira, his wife, and child reside in California and Smith Company is incorporated in California.

Venue of these actions is proper under 28 U.S.C. §1391 (b) (2); (c) (1); (c)(2); (f)(1); (f)(3) Civil Actions Against a Foreign State.

The Republic of Nicaragua has been a direct beneficiary of the transactions

made through CODEMET as joint ventures and its subsidiary CODEMET INTERNATIONAL located in Florida. (**Exhibit 10b** attached to Plaintiff's Complaint).

    Defendant CODEMET's attorney, admitted to be the Agent for Service of Process for defendant and also admitted being CODEMET's counsel in Florida, admitted being served with the summons and complaint on time, admitted to have checked the court's docket and even asked for an extension to file a responsive pleading with this court but he ran out of time. (See Exhibit A and B attached to Plaintiff Declaration).

    CODEMET's counsel wonders "why effective relief would not be available in Nicaragua." Page 7 line 16, in other words, CODEMET's counsel suggests that Plaintiff should go back to the country that committed *inter alia,* human rights violations, torture, unlawful expropriation, and false imprisonment against Plaintiff and his family and file the suit in Nicaragua. Defendant, CODEMET's counsel ignores that the Nicaraguan Supreme Court already told Plaintiff to bring this action to any jurisdiction that Plaintiff chooses. Plaintiff already exhausted all his remedies in Nicaragua. In addition there is a sentence against CODEMET issued by the District Court of Chinandega where CODEMET failed to comply with and the police of Nicaragua failed to execute being both CODEMET and Nicaragua in Contempt of Court and this is one of the reasons why the government is also being sued, for their failure to execute Judges ruling in favor of Plaintiff. (Plaintiff's Complaint ¶41 and its Exhibit 44 (b). Had Defendant counsel met and confer with Plaintiff, Defendant's counsel wouldn't be wondering why effective relief would not be available in Nicaragua and not wasted the Court's time and Plaintiff time defending a moot point. But for Defendant's counsel failure to meet and confer with Plaintiff he filed its non-compliant motion.

Plaintiffs' Opposition to Defendant CODEMET Sociedad Anonima S.A's Motion to Dismiss Plaintiff's Complaint.
Memorandum of Points and Authorities and Declaration of Jairo Sequeira in Support thereof.

## III. ARGUMENT

### A. DEFENDANT CODEMET VIOLATED LOCAL RULE 7-3

Defendant CODEMET did not comply with the meet-and-confer requirement of Local Rule 7-3, Initial Standing Order 4(b), 4(d), and 5(a), Fed. R. Civ. P. 12(3) and 11(b) when it filed its Motion to Dismiss Plaintiff's Complaint. (Plaintiff's Decl.)

The Court takes such violations seriously and expects all the parties and in this case Defendant CODEMET to comply with the Federal Rules of Civil Procedure, as well as the Local Rules and any order of this Court, *See Nexon America, Inc., et al v. Game Anarchy, LLC, et. al.* Case No. CV 12-020803-MWF (PLAx). Defendant counsel attempted to misrepresent to this Court that the meet-and-confer conference took place when the evidence shows that it did not. (see Mr. Sequeira Decl.)

Defendant, CODEMET did not discuss with Plaintiff, the substance of the contemplated motion and any potential resolution and no conference took place at all prior to defendant CODEMET filing its motion. (see Plaintiff's Decl. and Exhibit C attached to Plaintiff's Decl.).

Local Rule 7-3 is mandatory. Defendant's phone call to Plaintiff was not a conference. There was no discussion of the motion between the Parties as required by Local Rule 7-3. The Local Rule is clear that the "conference shall take place" a minimum of ten days prior to the filing of the motion. Defendant's telling Plaintiff that he will try to meet and confer and then subsequently filing a motion demonstrates a lack of good faith and should be rejected. *See Singer v. Live nation Worlwide, Inc.,* SACV 11-0427 DOC, 2012 WL 123146 (C.D. Cal. Jan 13, 2012) (denying motion for summary judgment where "The attempted in-writing 'conference' of counsel [three days before a motion was filed] is insufficient under these circumstances:"); *Alcatel-Lucent USA, Inc. v. Dugdale Communications, Inc.,* CV 09-2140PSGJCX, 2009 WL3345784 (C.D. Cal. Oct.

-4-

13, 2009) ("The meet and confer requirements of Local Rule 7-3 are in place for a reason, and counsel is warned that nothing short of strict compliance with the local rules will be expected in this Court. Thus, the Motion is also denied for failure to comply with Local Rule 7-3."); *Superbalife, Int'l v. Powerpay*, CV 08-5099, 2008 WL 4559752 (C.D. Cal. Oct. 7, 2008) (brief phone call requesting extension and confirming email were insufficient to constitute compliance with required rule regarding conferences and accordingly, motion was denied).

Accordingly, the hearing set for August 9, 2013 at 9:30 a.m. at the courtroom 7 should be removed from the Court's calendar and Defendant CODEMET's Motion to Dismiss Plaintiff Complaint should be denied and Defendant should be sanctioned per Court's order.

Plaintiff's Request for entry of Default to be granted.

Defendant should be sanction for filing its motion in violation of Local Rule 7-3, Initial Standing Order 4(b), 4(d), and 5(a), Fed. R. Civ. P. 12(3) and 11(b) when it filed its Motion to Dismiss Plaintiff's Complaint in an amount according to the Court's discretion.

### B. THIS COURT HAS SUBJECT MATTER AND PERSONAL JURISDICTION OVER DEFENDANT UNDER JUS COGENS DOCTRINE AND OTHER THEORIES BESIDES IN ADDITION TO THE MINIMUM CONTACT DOCRINE

This Court has <u>subject matter</u> and <u>in personam</u> jurisdiction over Defendant CODEMET under **The Universality Doctrine Principle** closely aligned with the **International Law Doctrine of Peremptory Norms** (Jus Cogens), Article 5 (1)(c) of the Convention Against Torture, and other Cruel, Inhuman or Degrading Treatment or Punishment, Introductory Note to Part VII; Alien Tort Claims Act, *John Doe I v. UNOCAL* 395 F.3d 932; **Law of Nations** or a treaty of the United States; Torture Victim Protection Act; **The Effects doctrines**, *United States v. Aluminum Company of America*, 148 F.2d 416 (2nd Circuit 1945); **The Passive**

**Personality Principle**, *United States v. Roberts*,1 F. Supp. 2d 601, and by the FSIA's existing treaty (section 1604) and implied waiver section 1605 (a) (1) and Minimum Contact Doctrine as the Supreme Court has recognized, "[T]he 'Minimum Contacts' test…is not susceptible of mechanical applications; rather, the facts of each case must be weighed to determine whether the requisite 'affiliating circumstances' are present." (*Pavlovich v. Super. Ct.* (2002) 29 Cal.4th 262, 268 [citations omitted].)

  Defendant failed to address other theories and doctrines under which this Court has <u>subject matter</u> and <u>in personam</u> jurisdiction over Defendant CODEMET and focused only his attention only on the Minimum Contact Doctrine on the basis *inter alia,* that Defendant CODEMET has not bank accounts, has no employees in California, etc. and it based this argument on hearsay and inadmissible evidence. In addition Defendant ignored the exhibits attached to Plaintiff's complaint which allows the Court to have subject matter and personal jurisdiction since one of the contracts states that Plaintiff could suit in the United States if there were to be a dispute concerning his real estate property at issue.

**The Universality Doctrine Principle**

  The Universality Doctrine Principle closely aligned with the <u>International Law Doctrine of Peremptory Norms</u> (Jus Cogens), this principle holds that all states have jurisdiction over crimes and civil matters that are universally recognized to be a crime against humanity. These have historically included expropriation of property, illegal takings, torture, or other cruel, inhuman or degrading treatment, or punishment, prolonged arbitrary detention and others Universal jurisdiction is not limited to criminal law.  In general, jurisdiction on the basis of universal interests has been exercised in the form of criminal law, but international law does not preclude the application of non-criminal law on this basis, for example, by providing a remedy in tort or restition for victims of piracy." §404 (b) of the *Restatement Foreign Relations Law of the United States.*

Plaintiffs' Opposition to Defendant CODEMET Sociedad Anonima S.A's Motion to Dismiss Plaintiff's Complaint.
Memorandum of Points and Authorities and Declaration of Jairo Sequeira in Support thereof.

This court has jurisdiction to precribe law with respect to CODEMET's conduct because its conducet had a substantial effect within its territory. "Conduct outside its territory that has or is intended to have substantial effect within its territory. §402 (1) (a), (c) of the *Restatement Foreign Relations Law of the United States*.

**Article 5 (1)(c) of the Convention Against Torture, and other Cruel, Inhuman or Degrading Treatment or Punishment, Introductory Note to Part VII**;

This court has Jurisdiction abroad because defendants violated jus cogens norms in Article 5, that say that Each State Party shall take such measures as may be necessary to establish its jurisdiction over the offences referred to in article 4 in the following cases: When the offences are committed in any territory under its jurisdiction or on board a ship or aircraft registered in that State; When the alleged offender is a national of that State; *when the victim was a national of that State if that State considers it appropriate….* The discussion centered round the concept of so-called **universal jurisdiction.** In other words, the question was whether each State should undertake, in respect of torture, to assume jurisdiction not only based on territory or the offender's nationality **but also over acts of torture committed outside its territory by persons not being its nationals. The principle of universal jurisdiction … was eventually accepted and found its place in article 5, paragraph 2, of the Torture Convention.** The Torture Convention, 1 February 1982, Commission on Human Rights addressing the problems of genocide, political liquidations, mass killings, arbitrary and summary executions, disappearances, torture, etc. **The Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment** (the "Torture Convention") was adopted by the General Assembly of the United Nations on 10 December 1984 (resolution 39/46). The Convention entered into force on 26 June 1987. The article 5 of the Universal Declaration of Human Rights and article 7 of the

-7-

Plaintiffs' Opposition to Defendant CODEMET Sociedad Anonima S.A's Motion to Dismiss Plaintiff's Complaint. Memorandum of Points and Authorities and Declaration of Jairo Sequeira in Support thereof.

International Covenant on Civil and Political Rights, both of which provide that no one may be subjected to torture or to cruel, inhuman or degrading treatment or punishment,

**Alien Tort Claims Act**,

The Alien Tort Statute, 28 U.S.C. § 1350, which provides that "[t]he district courts shall have original jurisdiction of any civil action by an alien for a tort committed in violation of the law of nations or a treaty of the United States." Here, Defendant CODEMET violated the law of nations or a treaty of the United States.

The Alien Tort Statute by its terms does not distinguish among classes of defendants, and it of course has the same effect after the passage of the FSIA as before with respect to defendants other than foreign states.

Section 1333(2) now grants federal district courts exclusive jurisdiction over "all proceedings for the condemnation of property taken as a prize. *John Doe I v. UNOCAL* 395 F.3d 932. Subject matter jurisdiction is available under the ATCA and Plaintiff had pled sufficient facts to state a claim under the ATCA against Defendant CODEMET.

The Ninth Circuit Court has recognized that torture, expropriation, false imprisonment, are *jus cogens* violations and, thus, violations of the law of nations. See <u>United States v. Matta-Ballesteros,</u> 71 F.3d 754, 764 n. 5 (9th Cir.1995). Accordingly, unlawful expropriation, kidnapping, torture, false imprisonment, intentional infliction of emotional distress are which are some of the torts alleged in the present case are *jus cogens* violations and, thereby, violations of the law of nations.

**Law of Nations or a treaty of the United States**;

The acts and conduct by defendant CODEMET in conjunction with The Republic of Nicaragua pled in Plaintiff's complaint are violations of the law of

nations under the Alien Tort Claims Act ("ATCA"). Application of International law is appropriate under the circumstances.

### The Effects doctrines,

The effects doctrine is an off-shoot of the territorial principle. Briefly, the effects doctrine says that if the effects of extraterritorial behavior or crimes adversely affect commerce or harm citizens within the United States, then jurisdiction in a U.S. court is permissible. The first case to establish the effects doctrine was *United States v. Aluminum Company of America*, 148 F.2d 416 (2d Cir. 1945).

The contract concerning the land that was expropriated by the Republic of Nicaragua with the help of defendant CODEMET who was then Mr. Sequeira's tenant has a provision which reads: Any dispute arising must be treated before the United States Court of Justice. The effects doctrine has also been incorporated into § 402 of the *Restatement of Foreign Relations Law of the United States, Third:* "*a state has jurisdiction to prescribe law with respect to ... (c) conduct outside its territory that has or is intended to have substantial effect within its territory.*"

### The Passive Personality Principle,

The **passive personality principle** is an interesting offshoot of the nationality principle. It looks to the nationality of the *victim* to determine jurisdiction, holding that a state may assert jurisdiction over persons and events outside a state's territory on the basis that its citizen has been harmed, *United States v. Roberts*, 1 F.Supp. 2d 601 (E.D. La. 1998), see also, *United States v. Yunis* 924 F. 2d 1086 (D.C. Cir. 1991). This court has jurisdiction according with Passive Personality doctrine because Mr. Sequeira was a citizen of the United States when the facts occurred in Nicaragua.

### Impact Territoriality Principle

Impact territoriality Principle holds, that the acts in question had an impact on the territory of the claimant state even though they occurred abroad; nationality, that either the perpetrator or the victim of the act is a national of the claimant state, without regard to where the actions giving rise to the claim occurred (active and passive personality).

the protective principle, i.e. that a state is entitled to make and apply law to events that occurred abroad if necessary to protect its essential interests; and

**Universal jurisdiction,**

The Universal Jurisdiction Principle holds, that that a state may exercise jurisdiction over events wherever they may occur if they are prohibited by international law.

**The FSIA's existing treaty (section 1604) and The implied waiver section 1605 (a) (1)**

This Court has subject matter and personal jurisdiction over defendant CODEMET because…

The exception deprives the entity of the sovereign immunity that the law might otherwise entitle it "in any case," § 1605, where that entity "is engaged in a commercial activity in the United States" and the case is one "in which rights in property taken in violation of international law are in issue." § 1603(a)(3), Argentine Republic v. Amerada Hess Shipping Corp. 488 U.S. 428 (1989)

**MINIMUM CONTACTS**

The Supreme Court has recognized, "[T]he 'Minimum Contacts' test…is not susceptible of mechanical applications; rather, the facts of each case must be weighed to determine whether the requisite "affiliating circumstances are present." *Pavlovich v. Super. Ct.* (2002) 29 Cal.4th 262, 268 [citations omitted].

Here defendant made a mechanical application of the Minimum Contacts doctrine and Defendant incorrectly applied the law and made an automatic application of the Minimum Contacts Doctrine to the fact in its repetitive

10

Plaintiffs' Opposition to Defendant CODEMET Sociedad Anonima S.A's Motion to Dismiss Plaintiff's Complaint. Memorandum of Points and Authorities and Declaration of Jairo Sequeira in Support thereof.

1 | argument that **Defendant has not conducted any business in California for any**
2 | **purpose.**
3 |     The Ninth Circuit applied a seven factor test in the case of *Integral*
4 | *Development Corp. v. Weissenbach* (2002) 99 Cal.App.4th 576, 591 as follows:
5 |     **The relative Inconvenience of having to defend an action in foreign**
6 | **state.**
7 |     Several District Judges issued Writ of Attachments in favor of Mr.
8 | Sequeira against CODEMET and CONSA. However, they proceeded to violate
9 | those orders with the support of the Chinandega and El Viejo Police, (Complaint
10 | ¶32 and its **Exhibit 48, 50**) and but for the Nicaraguan Police failure obey the
11 | Judges's order they are also being suit as joint tortfeasors by Mr. Sequeira.
12 |     Second, the Nicaragua Supreme Court already ruled that Plaintiff may
13 | proceed in other jurisdiction. Third, the foreign state that Defendant counsel is
14 | suggesting Plaintiff to file his suit torture him and his family and violated
15 | international law against Plaintiff who is a citizen of the United States. Fourth, the
16 | contract concerning the land that was expropriated by the Republic of Nicaragua
17 | with the help of defendant CODEMET, who was then Mr. Sequeira's tenant, has a
18 | provision which reads: Any dispute arising must be treated before the United
19 | States Court of Justice. Fifth, other official authorities decided just to engage in
20 | delaying tactics by order of the government. ( Plaintiff's Complaint ¶35 and its
21 | **Exhibit, 21, 27, 38, 39**).
22 |     **The relative availability of evidence and the burden of defense and**
23 |     **prosecution in one place or another.**
24 | Same reasoning as stated above.
25 |     **The ease of access to an alternative forum**
26 | Same reasoning as stated above.
27 |     **The interest of the Plaintiff in suing locally**
28 | Same reasoning as stated above.

**The interrelated interests the state has in assuming jurisdiction**

Several crimes and torts were committed against Plaintiff who is a citizen of the United States, and a crime against a citizen is a crime against a the state, therefore there is an interrelated interest of the state in assuming jurisdiction over defendant.

**The avoidance of multiplicity of suits**

Defendants are joint tortfeasors with the other defendants mentioned in the complaint and acted collectively in the furtherance of the common design.

**The extent to which the cause of action arose locally**

Defendant sent emails to Plaintiff in negotiating the rental contract while Plaintiff was in the United States.

**Relevant Contact**

Finally, the sovereignty of foreign nations factors into the analysis, Courts "weigh the relevant contacts by the international corporations in this state, considering the interests of other nations as well as our own country's interest in foreign relations." *In re Automobile Antitrust Cases I & II* (2005), 135 Cal.App.4th 100, 110).

CODEMET is or was was organized under the laws of the United States, Therefore, this Court has jurisdiction over defendant CODEMET under the Code of Federal Regulations 31 C.F.R. § 500.329 (1998).

c) Any corporation organized under the laws of the United States or of any state, territory, possession, or district of the United States. CODEMET is or was organized under the laws of the United States.

**Joint Venture Liability**

It is well-established as a federal common law principle that a member of a joint venture is liable for the acts of its co-venturers. Federal courts freely invoke this principle of liability when called upon to apply federal common law in a variety of contexts. *See, e.g.*, <u>Davidson v. Enstar Corp.</u>, 848 F.2d 574, 577-78 (5th

12

Plaintiffs' Opposition to Defendant CODEMET Sociedad Anonima S.A's Motion to Dismiss Plaintiff's Complaint.
Memorandum of Points and Authorities and Declaration of Jairo Sequeira in Support thereof.

Cir.1988) (applying federal common law of joint liability); <u>United States v. United Pacific Insurance Co.</u>, 545 F.2d 1381, 1382-83 (4th Cir.1976) (applying the federal common law of joint venturer liability in interpreting the Miller Act, 40 U.S.C. § 270a-d). Moreover, "different jurisdictions generally adopt the same criterion for the establishment of a joint venture." <u>United States v. USX Corp.</u>, 68 F.3d 811, 826 n. 30 (3d Cir.1995).[11]

  The principle that a member of a joint venture is liable for the torts of its co-venturer is well-established in international law and in other national legal systems. International legal materials frequently refer to the principle of joint liability for co-venturers. *See, e.g.,* United Nations Convention On the Law of the Sea, Art. 139, Oct. 21, 1982, 21 I.L.M. 1245, 1293 (establishing principle of joint liability in international maritime law for parties acting jointly in maritime ventures); Convention on International Liability for Damage Caused by Space Objects, Mar. 29, 1972, 961 U.N.T.S. 187 (establishing joint liability principles to harms caused by parties launching objects into space); *see also* John E. Noyes & Brian D. Smith, *State Responsibility and the Principle of Joint and Several Liability,* 13 Yale J. Int'l. Law 225, 249 (1988) (describing joint and several liability for co-venturers' actions as a general principle of international law). The status of joint liability as a general principle of law is supported not only by international law sources but also by the fact that it is fundamental to "major legal systems." *See, e.g.,* N.Y. <u>Partnership Law</u> § 24 (McKinney 2002); <u>Buckley v. Chadwick,</u> 45 Cal.2d 183, 190, 288 P.2d 12 (1955); <u>Caron v. Lynn Sand & Stone Co.,</u> 270 Mass. 340, 346, 170 N.E. 77 (1930); 2 Laws and Regulations of the People's Republic of China 71 (1984) (Chinese joint venture statute); *AIB Group (UK) Plc. v. Martin,* 2001 U.K.H.L. 63 (United Kingdom joint venture law).

  The body of international law described above serves to confirm the view

Plaintiffs' Opposition to Defendant CODEMET Sociedad Anonima S.A's Motion to Dismiss Plaintiff's Complaint.
Memorandum of Points and Authorities and Declaration of Jairo Sequeira in Support thereof.

that federal common law regarding the liability of joint venturers applies in the Alien Tort Claims Act context in the same manner and to the same extent as it does in construing other federal statutes.

Plaintiffs should recover on a federal common law theory of joint liability against Defendant CODEMET.

### C. DEFENDANT WAS PROPERLY SERVED AND HAD ACTUAL NOTICE OF THE SUMMONS AND COMPLAINT

Defendant's argument is that, " it was never served with the summons and complaint and that instead the summons and complaint was served to an unrelated entity in Florida that was dissolved nearly nine years ago, (Def's Motion Pg. 8 lines 26-28).

Defendant CODEMET's attorney in Florida, Mr. Mark E. Fried admitted to the process server that he was the Agent for Service of Process for defendant and also admitted being CODEMET's counsel in Florida, admitted being served with the summons and complaint on time, admitted to have checked the court's docket and even asked for an extension to file a responsive pleading with this court but he ran out of time, then he contacted Mr. Sherman here in California to do an special appearance for Defendant and file this motion even if it is in violation of L.R. 7-3. (See Exhibit A and B attached to Plaintiff's Declaration).

**ACTUAL NOTICE**

"Courts may overlook, however, a non-compliant service of process provided that (1) the party to be served received actual notice; (2) the defendant would not be prejudiced by the defect in service; (3) there was a justifiable excuse for the failure to properly serve; and (4) the plaintiff would be severely prejudiced if the complaint were dismisses. *Borzeka v. Heckler,* 739 F.2d 444, 447 (9th Cir. 1984)." In the present case, Defendant received actual notice of the lawsuit, complaint, and summons when they were served to its agent for service of process and legal representative Mark E. Fried. Service to Defendant's agent for service

14

of process and legal representative will not prejudice Defendant CODEMET. If the Court declined to authorized this type of service, Plaintiff would risk prejudice as the statutes of limitations are ticking down.

### IV. CONCLUSION:

For the forgoing reasons stated hereinabove, the hearing set for August 9, 2013 at 9:30 a.m. at the courtroom 7 should be removed from the Court's calendar, Defendant CODEMET's Motion to Dismiss Plaintiff Complaint should be denied, Defendant should be sanction for filing its motion in violation of Local Rule 7-3, Initial Standing Order 4(b), 4(d), and 5(a), Fed. R. Civ. P. 12(3) and 11(b) when it filed its Motion to Dismiss Plaintiff's Complaint in an amount according to the Court's discretion. Plaintiff's Request for entry of Default should be granted.

Executed on July 15, 2013, in Los Angeles, California.

Respectfully submitted

Dated: 7/15/13

BY /s/ *signature*
JAIRO SEQUEIRA
Plaintiff, in Pro Per.

15

Plaintiffs' Opposition to Defendant CODEMET Sociedad Anonima S.A's Motion to Dismiss Plaintiff's Complaint.
Memorandum of Points and Authorities and Declaration of Jairo Sequeira in Support thereof.