| | |
|---|---|
| 1 | RICHARD LLOYD SHERMAN, ESQ. (STATE BAR NO. 106597)<br>ABHAY KHOSLA, ESQ. (STATE BAR NO. 223555) |
| 2 | **SHERMAN LAW GROUP**<br>9454 Wilshire Boulevard, Suite 850 |
| 3 | Beverly Hills, California 90212-2911<br>Telephone: (310) 246-0321 |
| 4 | Facsimile:  (310) 246-0305 |

Attorneys for Defendants CONCENTRADOS SUPERIORES and CODEMET NICARAGUA SOCIEDAD ANONIMA, S.A.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO SEQUEIRA, a citizen of the United States of America,<br><br>Plaintiff,<br><br>v.<br><br>THE REPUBLIC OF NICARAGUA, a foreign Country, CITY OF CHINANDEGA, a political subdivision of the foreign country of the Republic of Nicaragua, CITY OF EL VIEJO, a political subdivision of the foreign state of the Republic of Nicaragua, CODEMET NICARAGUA SOCIEDAD ANONIMA, S.A. DBA CODEMET INTERNATIONAL, INC., a business entity engaged in business in the United States, CONCENTRADOS SUPERIORES S.A., a business entity, AMINTA ELENA GRANERA SACASA, an individual, Director of the National Police Department of the Republic of Nicaragua, MANUEL ZAMBRANA, an individual, Chief of Managua's Police Department VI District, SANTIAGO CRUZ, an individual, Commissioner of Managua's Police Department VI, FRANCISCO AGUILERA FERRUFINO, an individual, Cfief of Police of Chinandega, ALI BOANERGE ESPINOZA JUAREZ, an individual, Chief of Police Department of the City of El Viejo<br><br>Defendants. | CASE NO. CV13-04332 DMG (FFMx)<br><br>[SPECIAL APPEARANCE]<br><br>DEFENDANTS CONCENTRADOS SUPERIORES and CODEMET NICARAGUA SOCIEDAD ANONIMA'S EVIDENTIARY OBJECTIONS TO DECLARATIONS FILED BY PLAINTIFF JAIRO SEQUEIRA IN SUPPORT OF HIS OPPOSITIONS TO MOTION TO DISMISS.<br><br>Date:     August 30, 2013<br>Time:    9:30 a.m.<br>Judge:   Hon. Dolly M. Gee<br>Ctrm.:    "7" |

Defendants Codemet Nicaragua Sociedad Anonima ("***Codemet***") and Concetrados Superiores S.A. ("***Consa***")(collectively "***Defendants***") submit the following evidentiary objections to the Declarations of plaintiff JairoSequeira ("***Plaintiff***") filed in support of his Opposition to Defendants' respective Motions to Dismiss. A highlighted courtesy copy of Plaintiff's declaration in response to Consa is attached hereto as **EXHIBIT A,** whereas a highlighted courtesy copy of Plaintiff's declaration in response to Codemet is attached hereto as **EXHIBIT B.**

## I.

## DECLARATION OF JAIRO SEQUEIRA IN OPPOSITION TO DEFENDANT CONSA'S MOTION TO DISMISS

| Exhibit | ¶ | Allegation | Evidentiary Objection(s) |
|---|---|---|---|
| A | 4 | "The Court fixed a deadline for filing an answer or motion on July 18, 2013." | Calls for legal conclusion; lack of foundation. |
| A | 5 | "Defendant CODEMET's attorney and Representative Mark E. Fried" | Lack of foundation; speculation; argumentative; assumes facts not in evidence; not an evidentiary fact but a contention. |
| A | 5 | "In approximately a week after Defendant CODEMET's attorney and Representative Mark E. Fried in Miami, Florida transferred CODEMET's file to now counsel of record, Mr. Richard Lloyd Sherman, Mr. Sherman decided to take on another case." | Lack of foundation; speculation; assumes facts not in evidence; unintelligible |

| | | | |
|---|---|---|---|
| A | 6 | "He did not provide me then with a valid cause to extend the time" | Argumentative; not an evidentiary fact but a contention; calls for a legal conclusion. |
| A | 7 | "Again, he did not provide me with a valid cause to extent his time" | Argumentative; not an evidentiary fact but a contention; calls for legal conclusion. |
| A | 7 | "A stipulation to continue or extend the date of any matter before this Court must be supported by a sufficient factual basis that demonstrates good cause why the change in the date is essential. Without such compelling factual support, stipulation continuing dates set by the Court will not be approved." | Not an evidentiary fact, but a contention; calls for a legal conclusion. |
| A | 8 | "Mr. Sherman's assistant" | Lack of foundation; speculation; assumes facts not in evidence. |
| A | 9 | "Mr. Sherman attempted to manipulate the meet and confer meeting by making it into a deposition and was asking questions that were not relevant to the points in the email and his questions were harassing, inflammatory, and provoking." | Not an evidentiary fact, but a contention; argumentative. |
| A | 9 | "Mr. Sherman became angry" | Argumentative. |

SHERMAN LAW GROUP
9454 Wilshire Boulevard, Suite 850
Beverly Hills, California 90212

2

EVIDENTIARY OBJECTIONS TO DECLARATIONS OF JAIRO SEQUEIRA

| Exhibit | ¶ | Allegation | Evidentiary Objection(s) |
|---|---|---|---|
| A | 15 | "Defendant CONSA and CODEMET's attorneys were required to comply with Local Rule 7-3 to meet and confer 10 days prior to filing any contemplated Motion... However, they did not do so." | Argumentative; ultimate fact; lack of foundation; calls for legal conclusion. |

## II.

## DECLARATION OF JAIRO SEQUEIRA IN OPPOSITION TO DEFENDANT CODEMET'S MOTION TO DISMISS

| Exhibit | ¶ | Allegation | Evidentiary Objection(s) |
|---|---|---|---|
| B | 3 | "Defendant CODEMET was served with the Summons and Complaint pursuant to 4(e)(2)(C) of the Federal Rules of Civil Procedure on June 19, 2013 as evidenced by the Certificate of Service on file with this Court." | Ultimate fact; not an evidentiary fact but a contention; lack of foundation; argumentative. |
| B | 4 | "The Court fixed a deadline for filing an answer or motion on July 10, 2013." | Calls for legal conclusion; lack of foundation. |

| | | | |
|---|---|---|---|
| B | 5 | "Defendant CODEMET's attorney and Representative Mark E. Fried was served." | Lack of foundation; speculation; argumentative; assumes facts not in evidence; not an evidentiary fact but a contention; ultimate fact; argumentative. |
| B | 5 | "Mr. Fried contacted me via email acknowledging that he was personally served... and as a CODEMET's attorney requested a 15 day extension without providing me any good cause to grant him the extension.." | Lack of foundation; assumes facts not in evidence; best evidence rule (FRE1002); calls for a legal conclusion; not an evidentiary fact but a contention; ultimate fact; argumentative. |
| B | 6 | "I received a phone call from Mr. Richard Lloyd Sherman and told me that he was working together with attorney Mr. Mark E. Fried" | Argumentative; hearsay. |
| B | 6 | "When I asked him which party he was representing, he said at first he was not sure but that he was working together with attorney Mark E. Fried, so we both assumed that it was CODEMET because Mark E. Fried is CODEMET's attorney" | Argumentative; not an evidentiary fact but a contention; calls for legal conclusion; calls for speculation; hearsay; lack of foundation. |

| | | | |
|---|---|---|---|
| B | 11 | "On July 10, 2013, Mr. Sherman filed electronically at 4:33 p.m. motion to dismiss in violation of L.R. 7-3 in violation of the Initial Standing Order ¶5, in violation of FRCP 12(3) and 11(b)." | Argumentative; calls for a legal conclusion; not an evidentiary fact but a conclusion; ultimate fact. |
| B | 13 | "As of the date of filing this Request for Entry of Default, Defendant CODEMET has not meet and confer with me as required by Local Rule 7-3." | Argumentative; ultimate fact; lack of foundation; calls for legal conclusion. |

Dated: August 16, 2013

SHERMAN LAW GROUP

By: /s/ Richard
    **RICHARD LLOYD SHERMAN, ESQ.**
Attorneys for Defendants CONCENTRADOS SUPERIORES and CODEMET NICARAGUA SOCIEDAD ANONIMA, S.A.

**EXHIBIT A**

JAIRO SEQUEIRA
24610 Town Center Drive, #5103
Valencia, CA 91355
Tel. (818) 714-4676
Email: soyjairosequeira@gmail.com
Petitioner, In Pro Per

FILED
2013 AUG -7 PM 3:55
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO SEQUEIRA, A Citizen of the United States of America<br>　　　Plaintiff,<br>vs.<br>THE REPUBLIC OF NICARAGUA, a foreign Country, CITY OF CHINANDEGA, a political subdivision of the foreign Country of The Republic of Nicaragua, CITY OF EL VIEJO, a political subdivision of the foreign state of The Republic of Nicaragua, CODEMET NICARAGUA SOCIEDAD ANONIMA, S.A., d.b.a. CODEMET INTERNATIONAL, INC., a business entity engage in business in the United States, CONCENTRADOS SUPERIORES S.A., a business entity, AMINTA ELENA GRANERA SACASA, an individual, Director of the National Police Department of the Republic of Nicaragua, MANUEL ZAMBRANA, an individual, Chief of Managua's Police Department VI District, SANTIAGO CRUZ, an individual, Commissioner of Managua's Police Department VI District, FRANCISCO AGUILERA FERRUFINO, an individual, Chief of Police of Chinandega, ALI BOANERGE ESPINOZA JUAREZ, an individual, Chief of Police Department of the City of El Viejo.<br>　　　Defendants | CASE NO:<br>CV13-04332 DMG (FFMx)<br><br>DECLARATION OF JAIRO SEQUEIRA IN OPPOSITION TO DEFENDANT COCENTRADOS SUPERIORES S.A.'s MOTION TO DISMISS PLAINTIFF'S COMPLAINT<br><br>Date:　　　August 30, 2013<br>Time:　　　9:30 a.m.<br>Judge: Hon. Dolly M. Gee<br>Courtroom : 7<br>**Pursuant to**<br>[Initial Standing Order, ¶5]<br>[L.R. 7-3] |

-1-

# DECLARATION OF JAIRO SEQUEIRA

I, Jairo Sequeira, declare as follows:

1. I am the Plaintiff in this action. If called as a witness, I could and would competently testify thereto.

2. I filed a Summons and Complaint against defendant CONCENTRADOS SUPERIORES S.A. ("CONSA") described herein on June 17, 2013, (ECF, Docket Entry #1).

3. Defendant CONSA was served with the Summons and Complaint pursuant to 4(e)(2)(C) of the Federal Rules of civil Procedure on June 27, 2013, as evidenced by the Certificate of Service on file with this Court, (ECF, Docket Entry #15).

4. The Court fixed a deadline for filing an answer or motion on July 18, 2013.

5. In approximately a week after Defendant CODEMET's attorney and Representative, Mark E. Fried in Miami, Florida transferred CODEMET's file to now counsel on record, Mr. Richard Lloyd Sherman (Mr. Sherman), Mr. Sherman decided to take on another case, CONSA.

6. Mr. Sherman has expressed to me previously that he needed time to respond to CODEMET's case, however he did not provide me then with a valid cause to extend the time other than he was overextended in his time to respond and that he had other cases to attend to.

7. On July 11, 2013 Mr. Sherman requested an extension of time for CONSA's case. Again, he did not provide me with a valid cause to extent his time other than the same excuse he used for CODEMET, i.e., that he needed more time to respond to CONSA's case, because he had other cases to attend to. I told him that this Court has a strong interest in keeping scheduled dates certain. Changes in dates are disfavored. Therefore, a stipulation to continue or extend the date of any matter before this Court must be supported by a sufficient factual basis that

demonstrates good cause why the change in the date is essential. Without such compelling factual support, stipulation continuing dates set by the Court will not be approved. Counsel requesting a continuance or extension of time must electronically file a stipulation and lodge a proposed order including a detailed declaration of the ground for the requested continuance or extension of time. Failure to comply with the Local Rules and this Order will result in rejection of the request without further notice to the parties." I reminded him that the deadline for filing an answer was July 18, 2013. Again, I invited Mr. Sherman to enter into negotiations however he stated that it was not appropriate to settle CONSA's and my differences out of court.

8. On July 12, 2013, I received Mr. Sherman's assistant email that was sent at about 5 p.m. the previous date stating CONSA's position about the motion they intended to file on July 18.

9. On July 12, 2013, I sent the following reply: "Dear Mr. Sherman and Mr. Khosla, I just received your email. I'll read over each point this afternoon in order for me to meet and confer with you and discuss the substance of your motion and attempt to reach a resolution in accordance with L.R. 7-3. Again, please let me know the grounds and good cause for granting you an extension because "this Court has a strong interest in keeping scheduled dates certain. Changes in dates are disfavored.... Therefore, a stipulation to continue or extend the date of any matter before this Court must be supported by a sufficient factual basis that demonstrates good cause why the change in the date is essential. Without such compelling factual support, stipulation continuing dates set by the Court will not be approved." (Exhibit 1, 7.12.13 email).

10. On this same date, July 12, 2013, at about 4:35 p.m., Mr. Sherman's office called me to supposedly meet and confer and go over each point regarding the email sent by his assistant that I received a few hours before. Our meet and confer meeting lasted about 10 minutes. Mr. Sherman attempted to manipulate the

-3-

meet and confer meeting by making it into a deposition and was asking questions that were not relevant to the points in the email and his questions were harassing, inflammatory and provoking. I repeatedly reminded Mr. Sherman that the purpose of our meet and confer meeting was to go over each point of his assistant's email and it was not a discovery session. Mr. Sherman became angry and hanged up.

11. On this same date, July 12, 2013, at about 5:13 p.m. Mr. Sherman sent me an email complaining that: "the telephonic meet and confer that you envisioned would take hours because you are reading from a piece of paper." In this same email he accused me of being unwilling and that I supposedly would not under any circumstances dismiss the case against CONSA (or CODEMET) it would take hours to do the meet and confer and accusing me of unwilling to answer any questions that they asked me. Finally, he suggested to keep the meet and confer going by sending them an email responding to each point that can be compromised.

12. On July 15, 2013, I sent the following email to Mr. Sherman that in addition of addressing each point raised by Mr. Sherman's assistant's email states: Dear Mr. Sherman: "I agree we should continue discussing the points of your intended motion. I would also like to say, our phone conversation would not have been a waste of time, have you been willing to genuinely discuss options and solutions. I have not acted in bad faith in any way. I did not appreciate your harassment nor do I appreciate your email erroneously stating that I was unwilling to answer any questions and that I stated that I would not under any circumstances dismiss the case against Consa (or Codemet). I did not appreciate that you were attempting to manipulate the conference to engage in improper discovery. I did answer all questions that were relevant to reaching a resolution and I made it clear to you that I would prefer to settle this out of court and have the case dismissed. This is still my position. Perhaps if we keep our conversation in writing we will make more progress toward this end".... (Exhibit 2).

-4-

DECLARATION OF JAIRO SEQUEIRA IN OPPOSSITION TO DEFENDANT CODEMET SOCIEDAD ANONIMA S.A.'a MOTION TO DISMISS PLAINTIFF'S COMPLAINT     CASE NO. CV13-04332 DMG (FFMX)

13. On July 17, 2013, Mr. Sherman's office sent me the following email,"We disagree with the points that you raise in your email. Our Motion has to be filed **tomorrow so we do not have time to go point by point**. We remain willing to do so if you grant an extension. We have considered all your points and think that you miss the main point which is that California has no contacts with our clients. We believe, however that it is possible that you may have made valid point(s) regarding the 12b6 arguments and to the extent that we agree we will not be raising them in our motion. I remain willing to discuss your email of July 15th but it would have to be done this afternoon. Please give me a call if you wish to do so, otherwise we can let the Court decide the issues. Thank you for your time and consideration, Richard Sherman." (Exhibit 3).

14. On July 18, 2013, at about 10:30 a.m. I received Mr. Sherman's email and emailed him immediately the following email that reads in part,"Mr. Sherman, Thank you for conceding that I raised "valid point(s)" concerning the 12(b)(6) motion which arguments you have agreed to not raise them in your motion. With respect with the extension of time, again, you have not shown me a good cause to support your request for an extension to file a motion. I believe that your filing this motion will only serve to cause delays and extra expense. Your motion is likely to fail because first, you are not complying with the Federal Rules of Civil Procedure, Local Rules of Court and Initial Standing Order, and second, unlike you, I did address the minimum contact argument that you are referring to, however, you are silent as to the other theories and or doctrines that I explained to you that allows the Court to have jurisdiction over your clients. You mentioned that your clients are foreign defendants and that one of them was incorporated in Florida a few years ago. Here are the theories and doctrines that you failed to address..." (Exhibit 4). However, I did not hear from Mr. Sherman's office.

15. Defendant CONSA and CODEMET's attorneys were required to comply with Local Rule 7-3 to meet and confer 10 days prior to filing any contemplated Motion and I reminded each of them several times to comply with Local Rule 7-3. However, they did not do so.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on August 7, 2013, in Los Angeles, California.

Dated: 8/7/13

Respectfully submitted

BY *(signature)*
JAIRO SEQUEIRA
Plaintiff, in Pro Per.

-6-

**EXHIBIT B**

7-15-13 P
1638-1

1  JAIRO SEQUEIRA
2  24610 Town Center Drive, #5103
   Valencia, CA 91355
3  Tel. (818) 714-4676
4  Email: soyjairosequeira@gmail.com
5  Petitioner, In Pro Per

FILED
2013 JUL 15 PM 4:17
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO SEQUEIRA, A Citizen of the United States of America | CASE NO: CV13-04332 DMG (FFMx) |
| Plaintiff, | DECLARATION OF JAIRO SEQUEIRA IN OPPOSITION TO DEFENDANT CODEMET NICARAGUA SOCIEDAD ANONIMA S.A's MOTION TO DISMISS PLAINTIFF'S COMPLAINT |
| vs. | |
| THE REPUBLIC OF NICARAGUA, a foreign Country, CITY OF CHINANDEGA, a political subdivision of the foreign Country of The Republic of Nicaragua, CITY OF EL VIEJO, a political subdivision of the foreign state of The Republic of Nicaragua, CODEMET NICARAGUA SOCIEDAD ANONIMA, S.A., d.b.a. CODEMET INTERNATIONAL, INC., a business entity engage in business in the United States, CONCENTRADOS SUPERIORES S.A., a business entity, AMINTA ELENA GRANERA SACASA, an individual, Director of the National Police Department of the Republic of Nicaragua, MANUEL ZAMBRANA, an individual, Chief of Managua's Police Department VI District, SANTIAGO CRUZ, an | Pursuant to<br><br>[Initial Standing Order, ¶5]<br><br>[L.R. 7-3] |

-1-

| | |
|---|---|
| individual, Commissioner of Managua's Police Department VI District, FRANCISCO AGUILERA FERRUFINO, an individual, Chief of Police of Chinandega, ALI BOANERGE ESPINOZA JUAREZ, an individual, Chief of Police Department of the City of El Viejo.<br><br>      Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF JAIRO SEQUEIRA

I, Jairo Sequeira, declare as follows:

1. I am the Plaintiff in this action. If called as a witness, I could and would competently testify thereto.

2. I filed a Summons and Complaint against defendant CODEMET SOCIEDAD ANONIMA, S.A. d.b.a. CODEMET INTERNATIONAL INC., ("CODEMET") described herein on June 17, 2013, (ECF, Docket Entry #1).

3. Defendant CODEMET was served with the Summons and Complaint pursuant to 4(e)(2)(C) of the Federal Rules of civil Procedure on June 19, 2013, as evidenced by the Certificate of Service on file with this Court (Exhibit A).

4. The Court fixed a deadline for filing an answer or motion on July 10, 2013.

5. On July 3, 2013, two weeks after Defendant CODEMET's attorney and Representative, Mark E. Fried was served, Mr. Fried contacted me via email acknowledging that he was personally served with the Summons and Complaint on June 19, 2013, and that he checked the Court's Docket and as a CODEMET's attorney requested a 15 day extension without providing me any good cause to grant him the extension. I told him in my reply email *inter alia* that this Court has a strong interest in keeping scheduled dates certain. Changes in dates are

-2-

DECLARATION OF JAIRO SEQUEIRA IN OPPOSITION TO DEFENDANT CODEMET SOCIEDAD ANONIMA S.A.'a MOTION TO DISMISS PLAINTIFF'S COMPLAINT                    CASE NO. CV13-04332 DMG (FFMX)

disfavored.... Therefore, a stipulation to continue or extend the date of any matter before this Court must be supported by a sufficient factual basis that demonstrates good cause why the change in the date is essential. Without such compelling factual support, stipulation continuing dates set by the Court will not be approved. Counsel requesting a continuance or extension of time must electronically file a stipulation and lodge a proposed order including a detailed declaration of the ground for the requested continuance or extension of time. Failure to comply with the Local Rules and this Order will result in rejection of the request without further notice to the parties." As you are aware, the deadline for filing an answer is July 10, 2013 per court order. (Please see Exhibit B).

6. On July 8, 2013, I received a phone call from Mr. Richard Lloyd Sherman (Mr. "Sherman") and told me that he was working together with attorney, Mr. Mark E. Fried in the matter of Jairo Sequeira vs. The Republic of Nicaragua. When I asked him which party he was representing, he said at first that he was not sure but that he was working together with attorney Mark E. Fried, so we both assumed that it was CODEMET because Mark E. Fried is CODEMET's attorney whom previously requested an extension. (See Exhibit C).

7. Mr. Sherman requested an extension to file a motion. I asked him if Mr. Fried sent him the letter that I sent to him concerning requesting an extension. Mr. Sherman said he did not. Thus, I forwarded him the email that I sent to Mr. Fried. Mr. Sherman said he received it and that he would get back to me later on after he had read it. Later that same day Mr. Sherman told me that it was not appropriate to settle CODEMET's and my differences out of court and most of our conversation was about ADR and stating that the Local Rules require me to give him a 7 day extension without good cause, to which I disagreed. He then said he would call me later to discuss matters further. (Exhibit C).

8. Mr. Sherman and I agreed to Meet and Confer on July 9, 2013 at 2:00

p.m. to discuss the substance of the motion he was planning to file and that he was going to send me the authorities and the arguments he was going to base the motion. Mr. Sherman never did send me the authorities nor the arguments he was planning to file. (Exhibit C).

9. On July 9, 2013, Mr. Sherman sent me an email stating that there was no need to talk unless I granted him an extension and threatened to bring this issue before the Court. (Exhibit C).

10. On July 9, 2013, I sent a reply to Mr. Sherman to call me at 4:30 p.m. so we could discuss the substance of his motion and attempt to reach a resolution pursuant to L.R.7-3. Mr. Sherman replied was that he would try to call me but was not sure if he could because he was in meetings all afternoon.

11. On July 10, 2013, Mr. Sherman filed electronically at 4:33 p.m. motion to dismiss in violation of L.R. 7-3., in violation of the Initial Standing Order ¶5, in violation of F.R. Civ. P. 12(3) and 11 (b).

12. Defendant CODEMET's attorneys were required to comply with Local Rule 7-3 to meet and confer 10 days prior to filing any contemplated Motion and I reminded each of them several times to comply with Local Rule 7-3. (Exhibit C). However, they did not do so.

13. As of the date of filing this Request For Entry Of Default, Defendant CODEMET has not meet and confer with me as required by Local Rule 7-3.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on July 15, 2013, in Los Angeles, California.

Respectfully submitted

Dated: 7/15/13

BY _____
JAIRO SEQUEIRA
Plaintiff, in Pro Per.

-4-

DECLARATION OF JAIRO SEQUEIRA IN OPPOSSITION TO DEFENDANT CODEMET SOCIEDAD ANONIMA S.A.'a MOTION TO DISMISS PLAINTIFF'S COMPLAINT
CASE NO. CV13-04332 DMG (FFMX)

## PROOF OF SERVICE

I am a resident of the State of California. I am over the age of 18 and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction this service was made. My business address is: 9454 Wilshire Boulevard, Suite 850, Beverly Hills, California 90212.

On **August 16, 2013**, I served **DEFENDANTS CONCENTRADOS SUPERIORES AND CODEMET NICARAGUA SOCIEDAD ANONIMA'S EVIDENTIARY OBJECTIONS TO DECLARATIONS FILED BY PLAINTIFF JAIRO SEQUEIRA IN SUPPORT OF HIS OPPOSITIONS TO MOTION TO DISMISS** upon the following party in this action as follows:

JAIRO SEQUEIRA
24610 TOWN CENTER DRIVE, #5103
VALENCIA, CA 91355

X    **(By Mail)**  I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the UNITED STATES POSTAL SERVICE on that same day with postage thereon fully prepaid at Beverly Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

X    **(Via E-Mail)** I e-mailed such documents to the e-mail address soyjairosequeira@gmail.com.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

**Executed on August 16, 2013, at Beverly Hills, California.**

_____
Abhay Khosla