Name: JAIRO SEQUEIRA
Address: 24610 TOWN CENTER DR. #5103
City, State, Zip: VALENCIA, CA 91355
Phone: (818) 714-4676
Fax: None
E-Mail: soyjairosequeira@gmail.com

☐ FPD   ☐ Appointed   ☐ CJA   ☒ Pro Per   ☐ Retained

FILED 2015 MAR 16 PM 12:34 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES BY: ___

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JAIRO SEQUEIRA

PLAINTIFF(S),

v.

The Republic of Nicaragua, City of Chinandega, City of El Viejo, Aminta Elena Granera Sacasa, Manuel Zambrana Bermudez, Santiago Cruz, Francisco Aguilera Ferrufino, and Ali Boanerge Espinoza Juarez

DEFENDANT(S).

CASE NUMBER:

CV 13-04332 DMG (FFMx)

**NOTICE OF APPEAL**

NOTICE IS HEREBY GIVEN that _____ JAIRO SEQUEIRA _____ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify): Final Order (Docket #107) entered on February 20, 2015 Granting Defendants' Motion to Dismiss the Claims against the Sovereign Defendants and Individual Defendants Also, Minute Order (Docket #96) filed on August 1, 2014
☐ Judgment (specify):

☒ Other (specify): February 20, 2015 Final Order dismissing the action in its entirety without prejudice

August 1, 2014 Minute Order (docket # 96)

Imposed or Filed on  2/20/2015 and 8/1/2014 . Entered on the docket in this action on  107 and 96 .

A copy of said judgment or order is attached hereto.

March 10, 2015
Date

Signature
☒ Appellant/ProSe   ☐ Counsel for Appellant   ☐ Deputy Clerk

PAID MAR 16 2015

Note: The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

**EXHIBIT A**

**EXHIBIT A**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | |
|---|---|
| Case No.   CV 13-04332 DMG (FFMx) | Date   February 20, 2015 |
| Title   *Jairo Sequeira v. Republic of Nicaragua, et al.* | Page   3 of 6 |

## III.
## DISCUSSION

### A.   Sovereign Defendants

The Sovereign Defendants argue that, because the Court previously dismissed all of Plaintiff's claims against them *without leave to amend*, the claims should be dismissed once again on that basis. (Mot. at 6-7.) Indeed, the Court's August 1, 2014 ruling dismissed the claims against the Sovereign Defendants for lack of jurisdiction under 28 U.S.C. § 1602 *et seq.* [Doc. # 96.] Plaintiff essentially seeks reconsideration in a procedurally improper manner. There is no indication that Plaintiff has met the requirements for reconsideration pursuant to Local Rule 7-18.

Accordingly, as the Court has already dismissed the claims against the Sovereign Defendants without leave to amend, the Motion to Dismiss the claims in the SAC against these defendants is **GRANTED**.

### B.   Individual Defendants

Defendants move to "strike and dismiss" Individual Defendants on the ground that this Court lacks personal jurisdiction over them. (Mot. at 8-14.)[2]

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may seek dismissal of an action due to lack of personal jurisdiction. A plaintiff need only make a *prima facie* showing of jurisdictional facts to survive the motion to dismiss. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010). A court may exercise specific personal jurisdiction over a defendant "only if he or she has certain minimum contacts with the relevant forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[3] *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (*en banc*)) (internal citation and quotation marks omitted).

---

[2] Defendants improperly rely on Rule 12(f) in seeking to dismiss the Individual Defendants. Rule 12(f) allows the Court to strike:  (1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous material. Fed. R. Civ. P. 12(f). The Ninth Circuit has disapproved of using a Rule 12(f) motion to dismiss parties for lack of jurisdiction. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). As such, the Court proceeds to consider only Defendants' Rule 12(b)(2) motion.

[3] Because no federal statute confers personal jurisdiction in this case, the Court applies California law. *See* Fed. R. Civ. P. 4(k)(1); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) (internal citation

| | | |
|---|---|---|
| CV-90 | CIVIL MINUTES—GENERAL | Initials of Deputy Clerk KT |

UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-04332 DMG (FFMx) | Date | February 20, 2015 |
| Title | *Jairo Sequeira v. Republic of Nicaragua, et al.* | Page | 4 of 6 |

The Ninth Circuit applies a three-part test to determine whether a district court may exercise specific jurisdiction over a nonresident defendant:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendants' forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Learjet, Inc. v. Oneok, Inc. (In re W. States Wholesale Natural Gas Antitrust Litig.)*, 715 F.3d 716, 741-42 (9th Cir. 2013) (*citing Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). The plaintiff bears the burden of establishing the first two prongs. If the plaintiff meets this burden, the defendant must put forth a "compelling case" that the exercise of jurisdiction would not be reasonable. *Learjet*, 715 F.3d at 745; *CollegeSource*, 653 F.3d at 1076 (9th Cir. 2011); *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995); *Carnegie Inst. of Wash.*, 967 F. Supp. 2d 1367, 1390 (D. Or. 2013).

Defendants argue that Sequeira has not established the first prong of the test for specific jurisdiction. The first prong of the three-part test is satisfied in two distinct situations: (1) when the defendant "purposefully avails himself of the privilege of conducting activities in the forum"; or (2) when the defendant purposefully directs his activities toward the forum. *Schwarzenegger*, 374 F.3d at 802 ("We often use the phrase 'purposeful availment,' in shorthand fashion, to include both purposeful availment and purposeful direction . . . but availment and direction are, in fact, two distinct concepts.") (internal citations omitted). "A purposeful availment analysis is most often used in suits sounding in contract . . . ." and "consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Id.* "A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort . . . ." and "usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere." *Id.* at 802–03; *see also Yahoo! Inc.*, 433 F.3d at 1206.

---

omitted). Inasmuch as California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analysis under federal or state law is the same. Cal. Civ. Proc. Code § 410.10; *see also CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (citation omitted).

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |

UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. **CV 13-04332 DMG (FFMx)** | Date **February 20, 2015** |
| Title *Jairo Sequeira v. Republic of Nicaragua, et al.* | Page **5 of 6** |

With respect to purposeful availment, Sequeira contends that due to *Sovereign Defendants'* contract with Sequeira, *Individual Defendants* have availed themselves of United States and California law. (SAC ¶¶ 8-11.) Individual Defendants were not parties to the contract, however, and are being sued in their individual capacity. Therefore, the actions of Sovereign Defendants are irrelevant to the question of purposeful availment by Individual Defendants. Sequeira points to no other actions of Individual Defendants by which they availed themselves of the privilege of United States law or conducted activities in the United States. Accordingly, Sequeira has not established that Individual Defendants purposefully availed themselves of this forum.

Sequeira also argues that Individual Defendants' tortious conduct caused him harm in California, thereby satisfying the *Calder* effects test/purposeful direction analysis. (SAC ¶¶ 22-27.) To establish specific jurisdiction under these tests, the Ninth Circuit requires that "the defendant allegedly must have: (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007); *Yahoo! Inc.*, 433 F.3d at 1206. Though Sequeira alleges that Individual Defendants' actions were intentional, he does not allege that their actions were aimed at California.

Sequeira's business is located and incorporated in California, but Sequeira alleges Individual Defendants converted only his Nicaraguan property, not his California property. While Individual Defendants may have known their conduct would *affect* him in California, Sequeira does not allege that the Individual Defendants *aimed* any activity toward California. (*See* SAC ¶ 74.) Indeed, his California business was irrelevant to their Nicaraguan property dispute, as any conversion of Nicaraguan property could have taken place without the existence of his California business. "[*Calder*] . . . cannot stand for the broad proposition that a foreign act with foreseeable effects in the forum state always gives rise to specific jurisdiction." *Bancroft & Masters, Inc. v. Augusta Nat'l*, 223 F.3d 1082, 1087 (9th Cir. 2000) (*overruled in part on other grounds by Yahoo! Inc.*, 433 F.3d at 1224); *see also Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006). "[S]omething more than mere foreseeability is required in order to justify the assertion of personal jurisdiction, and that 'something more' means conduct expressly aimed at the forum." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1129 (9th Cir. 2010) (internal citations and quotation marks omitted).

To the extent that Sequeira argues Individual Defendants knew that their actions caused harm to his business in California (SAC ¶ 22), this alone is insufficient to establish specific jurisdiction. *See Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 609 (9th Cir. 2010)

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |

UNITED STATES DISTRICT COURT                JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-04332 DMG (FFMx) | Date | February 20, 2015 |
| Title | Jairo Sequeira v. Republic of Nicaragua, et al. | Page | 6 of 6 |

("Where a defendant's 'express aim was local,' the fact that it caused harm to the plaintiff in the forum state, even if the defendant knew that the plaintiff lived in the forum state, is insufficient to satisfy the effects test.") (*citing Schwarzenegger*, 374 F.3d at 807). Accordingly, Sequeira has not established that Individual Defendants expressly aimed their actions at California, and thus fails to show purposeful direction.

In sum, this Court lacks personal jurisdiction over the Individual Defendants as they have not purposefully availed themselves of the privilege of conducting activities in California, nor purposefully directed their activity towards California.[4]

### IV.
### CONCLUSION

In light of the foregoing, the Court orders the following:

(1) The motion to dismiss the claims against the Sovereign Defendants (Defendants Republic of Nicaragua, the City of Chinandega, and the City of El Viejo) is **GRANTED** for lack of subject matter jurisdiction;

(2) The motion to dismiss the Individual Defendants is **GRANTED** for lack of personal jurisdiction; and

(3) The action is dismissed in its entirety without prejudice.

**IT IS SO ORDERED.**

---

[4] As Sequeira has not met his burden of establishing the first prong, the Court need not address the remaining prongs of the Ninth Circuit's three-part test. *See Schwarzenegger*, 374 F.3d at 807 n.1.

**EXHIBIT B**

**EXHIBIT B**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-4332 DMG (FFMx) | Date | August 1, 2014 |
| Title | *Jairo Sequeira v. Republic of Nicaragua, et al.* | Page | 1 of 7 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE MOTIONS TO DISMISS AND MOTIONS TO STRIKE [DOC. ## 76, 78]**

On December 9, 2013, *pro se* Plaintiff Jairo Sequeira filed his First Amended Complaint ("FAC"), asserting 18 state law causes of action against Defendants Republic of Nicaragua, City of Chinandega, City of El Viejo, Codemet Nicaragua Sociedad Anonima, S.A., d.b.a. Codemet International, Inc., Concentrados Superiores S.A., Aminta Elena Granera Sacasa, Manuel Zambrana Bermudez, Santiago Cruz, Francisco Aguilera Ferrufino, Ali Boanerge Espinoza Juarez, Fernando Luis Idrovo Trivino, Jose Carlos Pere Febres-Cordero, and Walter Gonzalo Reyes Vera. [Doc. # 74.] The FAC asserts the following claims: (1) "unlawful expropriation of personal and real estate property (illegal taking)"; (2) conversion; (3) restitution (unjust enrichment); (4) torture; (5) "cruel, inhumane, or degrading treatment"; (6) "arbitrary detention"; (7) kidnapping; (8) assault and battery; (9) false imprisonment and false arrest; (10) trespass to land; (11) trespass to chattels; (12) intentional interference with prospective economic advantage and business relationships; (13) negligent interference with prospective economic advantage and business relationships; (14) breach of express written, oral and implied in fact contract; (15) breach of implied covenant of good faith and fair dealing; (16) intentional infliction of emotional distress; (17) negligent infliction of emotional distress; and (18) injunctive relief. (*Id.*)

The matters before the Court are motions to dismiss and motions to strike the FAC filed by Defendants Republic of Nicaragua, City of Chinandega, City of El Viejo, Aminta Elena Granera Sacasa, Manuel Zambrana Bermudez, Santiago Cruz, Francisco Aguilera Ferrufino, and Ali Boanerge Espinoza Juarez.[1] [Doc. ## 76, 78.] The Court took the motions under submission

---

[1] The majority of Sequeira's briefs in opposition to Defendants' motions are devoted to arguments that (1) the Court should impose Rule 11 sanctions on Defendants for filing meritless motions to strike, (2) Defendants have violated Local Rule 7-3, and (3) Defendants' counsel of record, Nicholas M. Renzler, should be disqualified. [*See* Doc. # 82 at 1-8, 11; Doc. # 85 at 1-8, 11.]

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-4332 DMG (FFMx) | Date | August 1, 2014 |
| Title | Jairo Sequeira v. Republic of Nicaragua, et al. | Page | 2 of 7 |

because it deemed them appropriate for decision without oral argument. [Doc. # 93.] Having duly considered the parties' arguments as presented in their written submissions, the Court **GRANTS** the motions in part and **DENIES** them in part as moot.

## I.
## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Although a complaint need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555 (citing

---

Sequeira's conclusory accusations do not demonstrate that Defendants' motions to strike were filed for an improper purpose or frivolous, the standard under Rule 11. *Townsend v. Holman Consulting Co.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (*en banc*). Nor has Sequeira demonstrated that he has satisfied the *mandatory* procedural requirements of Rule 11's "safe harbor" provision. *Barber v. Miller*, 146 F.3d 707, 710-11 (9th Cir. 1998). Moreover, Sequeira has not filed a separate motion asserting his Rule 11 argument, as required under Fed. R. Civ. P. 11(c)(2). Accordingly, the Court **DENIES** Sequeira's request for Rule 11 sanctions.

Sequeira contends that Defendants violated the timelines in Local Rule 7-3. The evidence submitted by Sequeira establishes that Defendants' counsel called him on December 23, 2013 to meet and confer about the motions Defendants intended to file, and Sequeira responded that he was only available to meet and confer by email. (*See* Sequeira Decl., Exh. 2 [Doc. # 86].) Defendants then sent Sequeira an email on December 23, 2013 telling him that they would file a motion to dismiss and/or a motion to strike the FAC on the same grounds asserted in their previous motion to dismiss that the Court denied as moot [Doc. # 94], and on two additional grounds. (Sequeira Decl. Exh. 2.) On the same day, Sequeira responded with the reasons he disagreed with Defendants' arguments, and Defendants' counsel informed Sequeira that he believed the parties were "at an impasse." (*Id.*) Defendants filed their motions seven days later on December 30, 2013. [*See* Doc. ## 76, 78.] Thus, Defendants have complied with the requirements of Local Rule 7-3.

Finally, Sequeira contends that Defendants' counsel, Renzler, must be disqualified as Defendants' counsel of record because he filed a declaration in connection with one of Defendants' motions in which he attached an exhibit and stated "I have personal knowledge of the matters stated herein and, if called as a witness, could and would testify competently thereto." [Doc. # 76-2.] Sequeira argues that Renzler's "dual role"—presumably as counsel and a potential witness—will give Defendants an unfair advantage and prejudice Sequeira. [Doc. # 82 at 11.] Sequeira is incorrect. Attorneys routinely submit copies of certified translations and other uncontested discovery-related documents into evidence by filing similar declarations. The Court expresses no opinion as to whether Renzler indeed has personal knowledge of the document at issue, as the Court does not rely on the document in its discussion, *infra*.

---

| | | | |
|---|---|---|---|
| CV-90 | | CIVIL MINUTES—GENERAL | Initials of Deputy Clerk KT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-4332 DMG (FFMx) | Date | August 1, 2014 |
| Title | *Jairo Sequeira v. Republic of Nicaragua, et al.* | Page | 3 of 7 |

*Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). The plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

As federal courts are "courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute . . . . [i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). "[U]nlike a Rule 12(b)(6) motion, in a Rule 12(b)(1) motion, the district court is not confined by the facts contained in the four corners of the complaint—it may consider facts and need *not* assume the truthfulness of the complaint." *Americopters, LLC v. F.A.A.*, 441 F.3d 726, 732 n.4 (9th Cir. 2006) (citation omitted). In support of a motion to dismiss under Rule 12(b)(1),

> the moving party may submit affidavits or any other evidence properly before the court . . . It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction.

*Colwell v. Dep't of Health and Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009) (internal quotation omitted, alteration in original).

## II.
## DISCUSSION

A.  **The Court Lacks Subject Matter Jurisdiction Over the Claims Asserted Against the Republic of Nicaragua, the City of Chinandega, and the City of El Viejo**

The Republic of Nicaragua, the City of Chinandega, and the City of El Viejo contend that the FAC should be dismissed under Rule 12(b)(1) on the ground that the Court lacks subject matter over the claims asserted against them under the Foreign Sovereign Immunities Act ("FSIA"). [Doc. # 76-1 at 10-23.]

A court adjudicating a claim against a foreign state must determine as a threshold matter whether the FSIA provides subject matter jurisdiction over the claim. *Siderman de Blake v. Republic of Argentina*, 965 F.2d 699, 706 (9th Cir. 1992) (citation omitted). The FSIA is the sole basis for obtaining jurisdiction over a foreign state in federal courts. *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 (1989). "A federal court lacks subject matter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-4332 DMG (FFMx) | Date | August 1, 2014 |
| Title | Jairo Sequeira v. Republic of Nicaragua, et al. | Page | 4 of 7 |

over a claim against a foreign state unless the claim falls within an exception to immunity under the FSIA." *Siderman*, 965 F.2d at 706 (citations omitted).

A defendant is entitled to a presumption of sovereign immunity if it demonstrates that it is a "foreign state" within the meaning of the FSIA. *Phaneuf v. Republic of Indonesia*, 106 F.3d 302, 305 (9th Cir. 1997); *see* 28 U.S.C. § 1603(a) & (b). The presumption also applies if it is apparent from the pleadings or uncontested that the defendant is a foreign state. *Peterson v. Islamic Republic of Iran*, 627 F.3d 1117, 1126 (9th Cir. 2010). Once a defendant establishes a *prima facie* case of immunity, "the burden of production shifts to the plaintiff to offer evidence that an exception applies." *Phaneuf*, 106 F.3d at 307 (citation omitted). If the plaintiff offers evidence that a particular exception to the FSIA applies, then the defendant bears the burden of proving by a preponderance of the evidence that the exception does not apply. *Id.* (citation omitted). The burden-shifting scheme thus "puts most of the weight on the plaintiff," in part because federal jurisdiction is lacking unless one of the exceptions to immunity from suit applies. *Peterson*, 627 F.3d at 1125.

Sequeira does not dispute that Nicaragua is a foreign state, or that the cities of Chinandega and El Viejo are political subdivisions of a foreign state. These Defendants are "foreign states" within the meaning of the FSIA. 28 U.S.C. § 1603; *see Big Sky Network Canada, Ltd. v. Sichuan Provincial Gv't*, 533 F.3d 1183, 1189 (10th Cir. 2008).[2] Accordingly, the Republic of Nicaragua, the City of Chinandega, and the City of El Viejo ("the Foreign State Defendants") are entitled to a presumption of sovereign immunity.

Sequeira does not identify *any* exception to the FSIA, let alone produce evidence to show that an exception to the FSIA is applicable here. (*See* Opp'n at 9-10.) Indeed, the only evidence Sequeira submitted in response to the Foreign State Defendants' motions are (1) emails exchanged between Defendants' counsel and Sequeira regarding the substance of Defendants' proposed motion to dismiss and motion strike the FAC, (2) a civil cover sheet filed in the instant case, and (3) a civil cover sheet filed in an earlier action in which Sequeira sought, and was denied, leave to proceed *in forma pauperis*, *see* Case No. CV 13-3786 UA (C.D. Cal.). [Doc. ## 83, 86.] Sequeira apparently contends that the Court has subject matter jurisdiction under the FSIA *because* the civil cover sheet that *Sequeira* filed in this action indicates that the basis of jurisdiction is diversity jurisdiction. (*See* Opp'n at 10.) *The Court*, however, has not previously considered whether it has subject matter jurisdiction over the claims asserted against the Foreign

---

[2] Defendants do not contend that Aminta Elena Granera Sacasa, Manuel Zambrana Bermudez, Santiago Cruz, Francisco Aguilera Ferrufino, and Ali Boanerge Espinoza Juarez are foreign officials acting in an official capacity, such that the FSIA applies to them. *See Phaneuf*, 106 F.3d at 306-07. Accordingly, they have not established a *prima facie* case of immunity with respect to these individuals.

| | | |
|---|---|---|
| CV-90 | CIVIL MINUTES—GENERAL | Initials of Deputy Clerk KT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-4332 DMG (FFMx) | Date | August 1, 2014 |
| Title | *Jairo Sequeira v. Republic of Nicaragua, et al.* | Page | 5 of 7 |

State Defendants in this action. The civil cover sheet has no bearing on this analysis, as it is merely "an administrative document designed to facilitate the court's management of a trial." *Wall v. Nat'l R.R. Passenger Corp.*, 718 F.2d 906, 909 (9th Cir. 1983). Thus, Sequeira has clearly failed to meet his burden of production, and the burden-shifting analysis ends.

In light of the foregoing, the Foreign State Defendants' motion to dismiss is **GRANTED** with prejudice to the extent that the Court lacks subject matter jurisdiction over the claims asserted against them. The Republic of Nicaragua, City of Chinandega, and City of El Viejo's motion to dismiss and motion to strike are otherwise **DENIED** as moot.

**B.     The FAC Violates Rule 8**

Aminta Elena Granera Sacasa, Manuel Zambrana Bermudez, Santiago Cruz, Francisco Aguilera Ferrufino, and Ali Boanerge Espinoza Juarez ("the Individual Defendants") contend that Sequeira's claims against them should be dismissed because the FAC violates Rule 8(a). [Doc. # 78-1 at 9-10.]

"Rule 8(a) requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Cafasso, U.S. ex rel v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (quoting Fed. R. Civ. P. 8(a)). While "normally verbosity or length is not by itself a basis for dismissing a complaint," Rule 8(a) is violated where "a complaint is excessively verbose, confusing and almost entirely conclusory." *Id.* at 1058-59 (internal quotation omitted). In such cases, the Ninth Circuit has affirmed the dismissal of the complaint. *See id.* (collecting cases). For example, in *Hatch v. Reliance Ins. Co.*, the Ninth Circuit affirmed the district court's dismissal of a complaint under Rule 8(a) where the plaintiffs' complaint and proposed amended complaint, including attachments, were more than 70 pages long and were "confusing and conclusory." 758 F.2d 409, 415 (9th Cir. 1985). The Ninth Circuit has explained that "[p]rolix, confusing complaints impose unfair burdens on litigants and judges" because (1) "[d]efendants are put at risk that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected," and (2) the court "must manage the litigation without knowing what claims are made against whom" and must waste time discerning the plaintiff's claims and allegations. *Cafasso*, 637 F.3d at 1059 (internal quotations and alterations omitted).

Here, the FAC is 75 pages long and has 297 pages of exhibits. [*See* Doc. ## 74, 74-1, 74-2, 74-3, 74-4, 74-5, 74-6, 74-7, 74-8, 74-9, 74-10, 74-11, 74-12, 74-13.] The exhibits include photographs of property that allegedly belongs to Sequeira, the business card of a third-party,

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-4332 DMG (FFMx) | Date | August 1, 2014 |
| Title | *Jairo Sequeira v. Republic of Nicaragua, et al.* | Page | 6 of 7 |

Sequeira's United States passport, and a declaration from Sequeira's former administrative assistant which itself has eight exhibits. (*See* FAC, Exhs 10a, 10b, 14, 55.) Sequeira asserts sixteen claims against all of the Individual Defendants, which include "torture," "cruel, inhumane and degrading treatment," "arbitrary detention," and "kidnapping." (*See id.* ¶¶ 51-295, 351-87.) Sequeira's legal theory is unclear, but he apparently alleges that the Individual Defendants violated California law by: (1) participating in the taking off his personal property in 2012; (2) encouraging an angry mob to surround Sequeira and allowing several policemen to attack him in November 2006; (3) causing several people to kidnap and threaten to kill Sequeira in December 2010; (4) causing Sequeira to be arrested when he tried to enter his factory in October 2012; (5) causing trespasses to Sequeira's property and chattels in June 2007 and September 2010; and (6) preventing Sequeira from shipping "modular houses" from Nicaragua to the United States. (*See id.*)

Sequeira's FAC is ambiguous and confusing. It conclusorily asserts that the Individual Defendants are responsible for the conduct of others, while including many paragraphs with wholly irrelevant details. As a result, the Individual Defendants are left to guess what the claims are against which they must defend themselves. In light of the foregoing, the Individual Defendants' motion to dismiss is **GRANTED** on the ground that the FAC violates Rule 8(a). The Individual Defendants' motion to dismiss and motion to strike are otherwise **DENIED** as moot.

C.   <u>Leave to Amend</u>

Should a court dismiss certain claims, it must also decide whether to grant leave to amend. "Courts are free to grant a party leave to amend whenever 'justice so requires,' and requests for leave should be granted with 'extreme liberality.'" *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (citation omitted) (quoting Fed. R. Civ. P. 15(a)(2)); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). "Leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*)).

As leave to amend should be granted with "extreme liberality," and the Court is not convinced that the pleading cannot possibly be cured, the Court grants Sequeira leave to amend his claims against the Individual Defendants. **If Sequeira chooses to file an amended pleading, it shall be "simple, concise, and direct," as required by Rule 8(d)(1) and shall allege facts regarding what each individual defendant did that entitles him to relief.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-4332 DMG (FFMx) | Date | August 1, 2014 |
| Title | *Jairo Sequeira v. Republic of Nicaragua, et al.* | Page | 7 of 7 |

## III.
## CONCLUSION

In light of the foregoing, the Court orders the following:

(1) The Republic of Nicaragua, the City of Chinandega, and the City of El Viejo's motion to dismiss is **GRANTED without leave to amend** on the ground that under the FSIA, the Court lacks subject matter jurisdiction over the claims asserted against those defendants;

(2) The Republic of Nicaragua, the City of Chinandega, and the City of El Viejo's motion to dismiss and motion to strike are otherwise **DENIED** as moot;

(3) Aminta Elena Granera Sacasa, Manuel Zambrana Bermudez, Santiago Cruz, Francisco Aguilera Ferrufino, and Ali Boanerge Espinoza Juarez's motion to dismiss is **GRANTED with leave to amend** on the ground that the FAC violates Rule 8(a);

(4) Aminta Elena Granera Sacasa, Manuel Zambrana Bermudez, Santiago Cruz, Francisco Aguilera Ferrufino, and Ali Boanerge Espinoza Juarez's motion to dismiss and motion to strike are otherwise **DENIED** as moot;

(5) Sequeira shall have 21 days from the date of this order to file any amended complaint **(failure to timely file an amended complaint shall result in the dismissal of this action)**; and

(6) Defendants shall have 21 days from the date of service of an amended complaint to file a response.

**IT IS SO ORDERED.**

| | |
|---|---|
| 1 | JAIRO SEQUEIRA |
| 2 | 24610 Town Center Drive, #5103 |
|   | Valencia, CA 91355 |
| 3 | Tel. (818) 714-4676 |
| 4 | Email: soyjairosequeira@gmail.com |
|   | Petitioner, In Pro Per |
| 5 | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 9 | JAIRO SEQUEIRA, A Citizen of the United States of America | CASE NO: CV13-04332 DMG (FFMx) |
| 11 | Plaintiff, | |
| 12 | vs. | REPRESENTATION STATEMENT |
| 13 | THE REPUBLIC OF NICARAGUA, a foreign Country; CITY OF CHINANDEGA, a political subdivision of the foreign Country of The Republic of Nicaragua; CITY OF EL VIEJO, a political subdivision of the foreign state of The Republic of Nicaragua; AMINTA ELENA GRANERA SACASA, an individual, Director of the National Police Department of the Republic of Nicaragua; MANUEL ZAMBRANA BERMUDEZ, an individual, Chief of Managua's Police Department VI District; SANTIAGO CRUZ, an individual, Commissioner of Managua's Police Department VI District; FRANCISCO AGUILERA FERRUFINO, an individual, Chief of Police of Chinandega; ALI BOANERGE ESPINOZA JUAREZ, an individual, Chief of Police Department of the City of El Viejo. Defendants | |

1

## REPRESENTATION STATEMENT

The undersigned is representing himself in pro per. The undersigned is the Plaintiff and Appellant in this matter, and no other party. Attached is a service list that shows all of the parties to the action below, and identifies their counsel by name, firm, address and telephone number, where appropriate. (F.R.A.P. 12(b); Circuit Rule 3-2 (b)).

Dated: March 11, 2015    Respectfully submitted,

By: _____
Jairo Sequeira
Plaintiff and Appellant, Pro Se

## SERVICE LIST OF REPRESENTATION STATEMENT

**Plaintiff and appellant:**

    Jairo Sequeira

**Defendant/appellee:**

THE REPUBLIC OF NICARAGUA, a foreign Country;

CITY OF CHINANDEGA, a political subdivision of The Republic of Nicaragua;

CITY OF EL VIEJO, a political subdivision of The Republic of Nicaragua;

AMINTA ELENA GRANERA SACASA, an individual,

MANUEL ZAMBRANA BERMUDEZ, an individual,

SANTIAGO CRUZ, an individual,

FRANCISCO AGUILERA FERRUFINO,

ALI BOANERGE ESPINOZA JUAREZ, an individual,

**Counsel for defendants and appelles**

**Jeffrey B Valle**
Valle Makoff LLP 11910 San Vicente Boulevard Suite 324
Los Angeles, CA 90049
Telephone: 310-476-0300; Fax: 310-476-0333

**Paul S. Reichler**
preichle@foleyhoag.com

**Jannis H. Brennan**
jhbrennan@foleyhoag.com

**Andrew Z Schwartz**
aschwartz@foleyhoag.com

**Nicholas M. Renzler**
nrenzler@foleyhoag.com

FOLLEY HOAG, LLP
1717 K. Street, N.W.
Washington, D.C. 20036

2