Jairo Sequeira
24610 Town Ctr. Dr. #5103
Valencia, CA  91355
Tel. 818-714-4676
*soyjairosequeira@gmail.com*
Plaintiff, *Pro Se*

Paul S. Reichler (Admitted *Pro Hac Vice*)
*PReichle@foleyhoag.com*
Andrew Z. Schwartz (Admitted *Pro Hac Vice*)
*AZS@foleyhoag.com*
FOLEY HOAG LLP
1717 K Street, NW
Washington, DC  20006-5350
Telephone: 202-223-1200
Facsimile:      202-785-6687

Jeffrey B. Valle (CA Bar No. 110060)
*jvalle@vallemakoff.com*
11911 San Vicente Blvd., Ste. 324
Los Angeles, CA  900049
Telephone:  310-476-0300
Facsimile:  310-476-0333

*Attorneys for Defendants
Republic of Nicaragua, the City of Chinandega, and the City of El Viejo*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO SEQUEIRA, A Citizen of the United States of America<br><br>Plaintiff,<br><br>v.<br><br>THE REPUBLIC OF NICARAGUA, et al.<br><br>Defendants. | **CASE NO: CV13-04332 (DMG) (FFM)**<br><br>**JOINT STATUS REPORT PURSUANT TO JUNE 26, 2017 ORDER (DKT. 114)**<br><br>**Date:        July 7, 2017**<br>**Judge:      Hon. Judge Dolly M. Gee** |

JOINT INTERIM STATUS REPORT -- CASE NO. CV13-04332 (DMG) (FFM)

1

# JOINT INTERIM STATUS REPORT

Plaintiff, Jairo Sequeira, and Defendants, the Republic of Nicaragua ("Nicaragua"), the city of Chinandega ("Chinandega"), and the city of El Viejo ("El Viejo") (collectively "Defendants" or the "Sovereign Defendants") hereby file their Joint Interim Status Report pursuant to this Court's Order entered on June 26, 2017 (Dkt. Entry No. 114).

## I. Plaintiff's Assessment of Case Status and Next Steps

**Parties Meet and Confer Meeting**

On July 3, 2017 Mr. Sequeira called by phone the Defendants' attorney to meet and confer. However, none of the Defendants picked up the phone. Thereafter, Mr. Sequeira sent an email to all of the six attorneys listed on Defendants' pleadings. One of the Defendant's attorney, Mr. Schwartz e-mailed back requesting to meet and confer on July 5, 2017.

On July 5, 2017 Mr. Sequeira sent his first draft of the Status Report to all of the Defendants' attorneys. Thereafter Mr. Sequeira was able to meet and confer with Mr. Schwartz. The parties agreed that since Mr. Sequeira is pro se and doesn't have access to the ECF Filing system, Defendants would file the Status Report by July 7, 2016 when the final version is completed.

On July 6, 2017 the Defendants' counsel, Mr. Swartz, sent his version of the Status report to Mr. Sequeira. Thereafter, Mr. Sequeira met and conferred with

him. Mr. Sequeira agreed to input his assessment in the new version of the Status Report sent to him by Defendants' counsel.

### A. The Ninth Circuit Ruling

The Ninth Circuit Court ruled, "We therefore reverse the dismissal of the claims against the sovereign defendants and remand for further proceedings." (see, Ninth Circuit's Ruling p.2). The Defendants should have filed an Answer by now and they have not per the Court's Mandate causing delay in this matter, which translates into depleting Mr. Sequeira's asset, resources and time. Further, per the meet and confer meeting that took place on July 5, 2017, the Defendants have expressed refusal to file an Answer.

### B. The Ninth Circuit's Court Application of the De Novo Standard

On February 20, 2015, the District Court granted Defendants' Motions to Dismiss which was based in part on a supposed lack of jurisdiction pursuant to the Foreign Sovereign Immunties Act. [Dkt. 107].

On March 16, 2015 Mr. Sequeira appealed the District Court's granting of the Motions to Dismiss and asserted jurisdiction. [Dkt. 108].

On May 30, 2017, The Ninth Circuit Court of Appeal's overturned the District Court's ruling on Defendants' Motions to Dismiss as to the Sovereign Defendants. The Ninth Circuit Court of Appeal's rulings state: "We review de novo subject matter jurisdiction under the Foreign Sovereign Immunities Act

("FSIA"), *Phaneuf v. Republic of Indonesia,* 106 F.3d 302, 304-05 (9th Cir. 1997), and determinations as to personal jurisdiction, *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 608 (9the Cir. 2010). (Ninth Circuit Court's Ruling p. 2). "We limit our review to the district court record." (Ninth Circuit Court's Ruling p. 3). (Dkt. Entry No. 113) Their whole focus was on jurisdiction.

During the July 5 meet and confer phone conversation, the Defendants misread and misapplied the Ninth Circuit Court's rulings. They expressed that the District Court should re-evaluate the record, despite the fact that the Court of Appeals limited their review to the district court record."

Defendants want the District Court to rule again on jurisdiction, despite the fact that the Court of Appeals reviewed "de novo" the issue of subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"). Now, the Defendants argue that the District Court should review again the issue of subject matter jurisdiction. Defendants want the District Court to revise the record as if this had not been done already by the Ninth Circuit Court of Appeals.

Defendants expect the District Court to re-consider their Motions to Dismiss without filing a Motion for Reconsideration.

The Ninth Circuit Court of Appeals overturned the District Court's granting Defendants' Motion to Dismiss. Thus, Defendants' argument that their Motion to Dismiss should be re-evaluated by the District Court is moot. Assuming arguendo,

that the District Court grants again Defendants' Motions to Dismiss, Plaintiff will again appeal, this accomplishes nothing but Defendants' agenda of delyaing proceedings.

Defendants' acts and conduct clearly show that Defendants' intent is to delay the case as much as possible. Their acts and conduct show their intent is to deplete Mr. Sequeira's assets, resources, energy, and time by causing delay, which will only result in further deterioration of Mr. Sequeira's property that is in the Defendants' possession.

### C. Defendants Expressly Refused to File an Answer

During the July 5, 2017 meet and confer conversation, Mr. Sequeira gave the Defendants an opportunity to file an Answer within the next 5 days. The Defendants expressly and vigorously refused. Thus, Mr. Sequeira intends to file a Motion for Default Judgment against the Defendants.

### D. The Defendants Rejected Mr. Sequeira's Offer to Engage in Mediation

During the July 5, 2017 meet and confer conversation, the Defendants rejected Mr. Sequeira's offer to engage in Mediation. Mediation is cost effective, confidential and saves time. However, the Defendants' intent is for this case to not be cost effective nor to save time but to engage in time delaying tactics. They have the resources to pay their group of attorneys who charge for their time, so in this

situation being cost effective and saving time is not their agenda. This clearly shows that their intent is to engage in a hypertechnical mode and throw their luck to continue filing frivolous pleadings focusing on the technicalities of the case and not on the merits or substance of the case.  It's undisputed that Defendants illegally took Mr. Sequeira's real and personal property without compensating him, as evidenced by their pleadings, the complaints and the record.  Their acts and conduct clearly reflect their intent is to deplete Mr. Sequeira's assets, resources, time, and to cause exhaustion.  As the case continues approachig trial, Mediation becomes more difficult because of the increase costs and expenses that Mr. Sequeira will incur.

**E. The Defendants Have Rejected Mr. Sequeira's Offer to Engage in Informal Settlement Negotiations**

During the July 5, 2017 meet and confer conversation, the Defendants rejected Mr. Sequeira's offer to engage in informal settlement negotiations. Again, Defendants' intent is not to save time but to stretch out the process.

**F.  Mandatory Settlement Conference**

It's clear that the only possible way that Defendants will consider some form of settlement is through a Court order ordering them to engage in Mandatory Settlement Conference.

**G.   Mr. Sequeira's Motion For Default**

Defendants knew or should have known that they should have filed an Answer pursuant to the Ninth Circuit Ruling and Mandate. They have not. Mr. Sequeira gave them an opportunity to discuss the timeline to file their Answer but they showed no interest in doing so. Defendants expressly stated that they will not file an Answer but rather wait for the District Court to reconsider its ruling; despite the fact that the Ninth Circuit already considered this case De Novo and considered their arguments which were rejected. Mr. Sequeira intends to file a Motion for Default Judgment for the Defendants Failure to file An Answer.

**H. Mr. Sequeira's Injunction**

It is undisputed that Defendants have in their possession illegally and without Mr. Sequeira's consent, Mr. Sequeira's personal property, such as his wife's grandmother's piano, wedding pictures, trade secrets regarding his company, vehicles, buildings etc. They also have in their possession Mr. Sequeira's real estate properties. Mr. Sequeira has not been compensated for this illegal taking. In recent articles by the major newspapers, Mr. Sequeira has become aware that his possessions have suffered extreme deterioration. Defendants have sent people to dismantle his buildings. Consequently, Mr. Sequeira intends to file an Injunction for the Defendants to do an inventory of all of Mr. Sequeira's assets. For the Defendants to file a Report regarding the deterioration that Mr. Sequeira's assets

has suffered. To describe the location and condition of each item, as well as other equitable requests.

## I. Mr. Sequeira's Partial Motion for Summary Judgment

It is undisputed that the Defendants illegally took Mr. Sequeira without compensation, without his consent and without any legal authority to do so. This is reflected on the record, including on the Defendants' motions. Consequently, Mr. Sequeira intends to file a Partial Motion for Summary Judgment because there are no issues of facts in dispute.

## J. Discovery

The Court has not set a deadline yet. However, Mr. Sequeira expects all the parties to have completed their discovery by November 1, 2017.

## K. Proposed dates for final pretrial conference and trial

Mr. Sequeira's proposed final pretrial conference date is on or about January 11, 2018.

Mr. Sequeira's proposed Trial date is by January 24, 2018.

## II. Defendants' Assessment of Case Status and Next Steps

On December 9, 2013, Plaintiff filed his First Amended Complaint ("FAC") (Dkt. Entry No. 74) in which he asserted claims against the Sovereign Defendants, as well as against Individual Defendants. On December 30, 2013, the Sovereign Defendants and Individual Defendants, respectively, filed Motions to Strike or

JOINT INTERIM STATUS REPORT -- CASE NO. CV13-04332 (DMG) (FFM)

8

Dismiss the FAC. (Dkt. Entry Nos. 76 and 78.) The Sovereign Defendants argued that the FAC fails to meet the requirements of Fed. R. Civ. P. 8, that this Court lacks subject matter jurisdiction over this case under the Foreign Sovereign Immunities Act ("FSIA"), that this Court lacks personal jurisdiction over the Sovereign Defendants, and that this District is not a proper venue. (Dkt. Entry No. 76-1.)

On August 1, 2014, this Court dismissed the FAC as to the Sovereign Defendants with prejudice due to lack of subject matter jurisdiction. (Dkt. Entry No. 96 at 3-5.) This Court otherwise denied the Sovereign Defendants' Motion to Dismiss as moot. (*Id.* at 5.) In a later Order, this Court dismissed this case as to the Individual Defendants. (Dkt. Entry No. 107.)

Plaintiff appealed to the U.S. Court of Appeals for the Ninth Circuit, which affirmed this Court's dismissal of the case as to the Individual Defendants in an unpublished Memorandum filed on May 30, 2017. (Dkt. Entry No. 112.) In the same Memorandum, the Ninth Circuit reversed this Court's dismissal of the case as to the Sovereign Defendants. The Ninth Circuit explained that, rather than require Plaintiff to produce evidence of an applicable FSIA exception in the face of a facial jurisidictional challenge, this Court should apply a presumption of truthfulness to the allegations in the complaint for purposes of evaluating the Sovereign Defendants' Motion to Dismiss. (*Id.* at 2.) The Ninth Circuit remanded that aspect

of the case for further proceedings. (*Id.*)

The Sovereign Defendants believe that the next step in this case is for this Court to reevaluate the Sovereign Defendants' Motion to Dismiss the FAC in accordance with the analytical framework articulated by the Ninth Circuit. From the outset, it has been the Sovereign Defendants' position that the allegations in the FAC are insufficient to overcome the Sovereign Defendants' facial jurisdictional challenge because, even if presumed true, those allegations do not establish that an exception to the FSIA applies. (*See* Dkt. Entry No. 76-1.) For instance, the Sovereign Defendants argued that Plaintiff failed to allege an express or implied waiver of sovereign immunity (*id.* at 12-13), that he failed to allege commercial activities sufficient to invoke the "commercial activities" exception to the FSIA (*id.* at 14-17), that he failed to allege an expropriation "in violation of international law" or with the required jurisdictional nexus to the United States (*id.* at 17-22), and that he failed to allege tortious conduct within the United States (*id.* at 23).

Given that the Sovereign Defendants made these arguments in their Motion to Strike or Dismiss the FAC, as well as additional arguments that this Court did not believe necessary to reach in its initial review of the Sovereign Defendants' Motion (*see id.* at 9-10, 23-25; Dkt. Entry No. 96 at 5), the Sovereign Defendants believe that this Court has the information and arguments necessary to reevaluate that Motion in light of the Ninth Circuit's Memorandum without further

submissions from the Parties. The Sovereign Defendants therefore believe that it would be appropriate for this Court to stay additional proceedings in this case pending a decision on remand on the Sovereign Defendants' Motion to Dismiss the FAC.

As to Plaintiff's above-stated demand that the Sovereign Defendants serve an Answer, his insistence is premature. Under Fed. R. Civ. P. 12(a)(4)(A), filing a motion to dismiss alters the time to serve a responsive pleading by requiring service of such a pleading within 14 days after the motion is denied. This Court has not denied the Sovereign Defendants' Motion to Dismiss. There is nothing in the Ninth Circuit's disposition or Mandate (Dkt. Entry No. 113) requiring this Court to deny the Sovereign Defendants' Motion. Rather, the Ninth Circuit remanded "for further proceedings." Such a remand does not compel the filing of an Answer while the Sovereign Defendants' Rule 12 motion remains pending.

Plaintiff also raises the issues of mediation and informal settlement discussions. The Sovereign Defendants believe that there would be no point in engaging in mediation or settlement discussions, as it is their position that Plaintiff's case fails for lack of subject matter jurisdiction, personal jurisdiction, and venue, and his claims otherwise lack substantive merit. For the same reasons, it would not be productive for this Court to order the parties to engage in mediation or settlement discussions.

Moreover, Plaintiff's statements of intent to file a series of futile, frivolous motions for default, mandatory preliminary injunctive relief, and partial summary judgment reinforce the need for a stay of proceedings while the Court reevaluates the Sovereign Defendants' Motion to Dismiss in accordance with the Ninth Circuit's disposition.  Indeed, Plaintiff apparently plans to base some such motions on the misimpression that his factual allegations are "undisputed."  Plaintiff fails to appreciate that the Sovereign Defendants have argued that, even if this Court presumes Plaintiff's factual allegations to be true solely for purposes of considering the Sovereign Defendants' Motion to Dismiss, those allegations are insufficient for the case to continue.  That presumption of truth for purposes of a Rule 12 motion is not a concession of truth for any purpose.  The Sovereign Defendants reserve the right to dispute Plaintiff's factual allegations if it becomes necessary or appropriate to do so.  For the reasons stated in the Sovereign Defendants' Motion to Dismiss, however, that should not be required to dispose of this case.

Accordingly, the Sovereign Defendants respectfully request that this Court stay additional proceedings in this case pending a decision on remand on the Sovereign Defendants' Motion to Dismiss the FAC.

Respectfully submitted, this 7th day of July, 2017.

| **Plaintiff, Pro Se,** | **Attorneys For Defendants,** |
|---|---|
| **/s/ Jairo Sequeira** | **/s/ Andrew Z. Schwartz** |
| Jairo Sequeira | Paul S. Reichler (Admitted *Pro Hac Vice*) |
| *soyjairosequeira@gmail.com* | *PReichle@foleyhoag.com* |
| 24610 Town Center Drive, #5103 | Andrew Z. Schwartz (Admitted *Pro Hac Vice*) |
| Valencia, CA 91355 | *ASchwartz@foleyhoag.com* |
| Telephone: (818) 714-4676 | Janis H. Brennan (Admitted *Pro Hac Vice*) |
| | *JBrennan@foleyhoag.com* |
| | Nicholas M. Renzler (Admitted *Pro Hac Vice*) |
| | *NRenzler@foleyhoag.com* |
| | **FOLEY HOAG LLP** |
| | 1717 K Street, NW |
| | Washington, DC  20006-5350 |
| | Telephone:  202-223-1200 |
| | Facsimile:  202-785-6687 |
| | |
| | Jeffrey B. Valle (CA Bar No. 110060) |
| | jvalle@vallemakoff.com |
| | **VALLE MAKOFF LLP** |
| | 11911 San Vicente Blvd., Suite 324 |
| | Los Angeles, CA  90049 |
| | Telephone:  310-476-0300 |
| | Facsimile:  310-476-0333 |
| | |
| | *Attorneys for Defendants, Republic of Nicaragua, The City of Chinandega, and The City of El Viejo* |