UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-4332-DMG (FFMx) | Date | January 11, 2018 |
| Title | *Jairo Sequeira v. The Republic of Nicaragua, et al.* | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [123]**

On November 20, 2017, the Court dismissed *pro se* Plaintiff Jairo Sequeira's First Amended Complaint ("FAC"), and granted Plaintiff leave to file an amended complaint against Defendants the Republic of Nicaragua, the City of Chinandega, and the City of El Viejo (collectively, "the Sovereign Defendants"). [Doc. # 119.] On December 8, 2017, Plaintiff filed a Motion for Reconsideration ("MFR") that challenges a portion of that Order. [Doc. # 123.] The MFR has since been fully briefed. [Doc. ## 127, 129.] The Court deems this motion appropriate for decision without oral argument, and thus **VACATES** the January 12, 2018 hearing on the motion. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons discussed in this Order, the Court **DENIES** Plaintiff's MFR.[1]

**I.
LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from any prior order or decision for a number of reasons including, but not limited to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered with reasonable diligence; and (3) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1), (6).

Under Local Rule 7-18, a party may seek reconsideration "only on the grounds of (a) a material difference in fact or law from that presented to the court before the decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of the decision, or (b) the emergence of new material facts or a

---

[1] The Order re Defendants' Motion to Strike or Dismiss (*i.e.*, the Order that is the subject of Plaintiff's MFR) provides a fuller discussion of the factual and procedural history of this case. *See* Order re Defs.' Mot. to Strike or Dismiss at 1–5 [Doc. # 119].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 13-4332-DMG (FFMx)** | Date | January 11, 2018 |
| Title | *Jairo Sequeira v. The Republic of Nicaragua, et al.* | Page | 2 of 4 |

change of law occurring after the time of the decision, or (c) a manifest showing of a failure to consider material facts presented to the court before the decision." C.D. Cal. L.R. 7-18. "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id.* "Whether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the court's discretion." *Daghlian v. DeVry Univ., Inc.*, 582 F. Supp. 2d 1231, 1251 (C.D. Cal. 2007).

## II.
## DISCUSSION

Plaintiff contends that the Court's Order dismissing the FAC misapplied the "expropriation" or "international takings" exception of the Foreign Sovereign Immunities Act ("FSIA") (*i.e.*, 28 U.S.C. § 1605(a)(3)).[2] MFR at 4. This exception to the FSIA provides that a foreign state is not immune from the jurisdiction of the United States in any case

> in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States.

28 U.S.C. § 1605(a)(3).

Plaintiff contends that the following demonstrates that the FAC satisfies clause one of this exception to the FSIA: (1) his contract with Defendant the City of El Viejo constitutes a property right that "is now present in the United States"; (2) Defendants Nicaragua and the City of El Viejo solicited funds in the United States for the purpose of building houses on the Multi-Processing Plant property; (3) after the Sovereign Defendants seized the Multi-Processing Plant property, Codemet paid rent to them to lease that property using funds that originated in the United States; (4) U.S. residents who are family members of persons who live in houses that were built on the Multi-Processing Plant property have remitted funds to their respective tenants-

---

[2] Plaintiff asserts for the first time in his reply brief that his breach of contract claim satisfies clause three of the commercial activity exception of the FSIA (*i.e.*, 28 U.S.C. § 1605(a)(2)). *See* Reply at 7–10. The Court declines to address that argument because it was not raised in a timely manner. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-4332-DMG (FFMx) | Date | January 11, 2018 |
| Title | *Jairo Sequeira v. The Republic of Nicaragua, et al.* | Page | 3 of 4 |

relatives in Nicaragua; and (5) clause one of this exception applies to foreign states and their instrumentalities or agencies. *See* MFR at 5–11.

Plaintiff argues that reconsideration is justified on the ground that he makes "a manifest showing of a failure to consider material facts presented to the court before the decision." C.D. Cal. L.R. 7-18(c); *see* MFR at 1–2 (asserting that Plaintiff is entitled to relief under Local Rule 7-18(c)). Yet, none of Plaintiff's arguments warrants reconsideration of this Court's Order.

With respect to Plaintiff's contention that his contract with the City of El Viejo constitutes property that is currently located in the United States, Plaintiff utterly fails to support that position. *See* MFR at 7; Reply at 7. In the absence of any cogent argument on that point, it is not apparent that such intangible property would be physically present within the borders of this country.

Moreover, although the FAC does allege that Nicaragua and the City of El Viejo raised funds in the United States to build houses on the Multi-Processing Plant property, *see* FAC at ¶ 61, that allegation does not establish that any such funds are *currently* in the United States. Therefore, this averment does not satisfy clause one of the expropriation/international takings exception. *See Alperin v. Vatican Bank*, 365 F. App'x 74, 75 (2010) ("The Complaint must contain . . . an allegation that such property is currently present in the United States . . . .").

Furthermore, Plaintiff's FAC does not allege that Codemet paid rent for the Multi-Processing Plant property with funds originating in the United States, or that U.S. residents remitted funds to tenants of the Multi-Processing Plant property. *See* FAC at 1–75. Consequently, these allegations do not constitute "material facts" that the Court erroneously failed to consider in ruling upon the Sovereign Defendants' motion to strike or dismiss the FAC. *See* C.D. Cal. L.R. 7-18(c).

Lastly, the Court agrees that clause one of the expropriation or international takings exception applies to foreign states and their instrumentalities or agencies. *See* 28 U.S.C. § 1605(a)(3). That fact, however, has no bearing on Plaintiff's MFR. In the Order in question, the Court differentiated between foreign states on the one hand and agencies and instrumentalities of foreign states on the other hand in the course of discussing *clause two* of that exception. *See* Order re Defs.' Mot. to Strike or Dismiss at 12–13 [Doc. # 119]. Thus, Plaintiff fails to show that he is entitled to reconsideration of this Court's Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 13-4332-DMG (FFMx) | Date | January 11, 2018 |
|---|---|---|---|
| Title | *Jairo Sequeira v. The Republic of Nicaragua, et al.* | Page | 4 of 4 |

### III.
### CONCLUSION

In light of the foregoing, the Court issues the following rulings:

1. Plaintiff's MFR is **DENIED**; and

2. Within 21 days of the date of this Order, Plaintiff shall file an amended complaint or notify the Sovereign Defendants of his intention not to do so. **Plaintiff's amended complaint, if any, shall adhere to the standards and restrictions prescribed in this Court's Order re Defendants' Motion to Strike or Dismiss.** [Doc. # 119.] **Failure to timely comply will result in the dismissal of this action in its entirety for lack of prosecution.** The Sovereign Defendants shall file their response to the amended complaint within 21 days after the filing and service of an amended complaint or Plaintiff's notification of his intention not to amend his complaint.

**IT IS SO ORDERED.**